## Robert Caswell and another v. Chauncey Gibbs.

*General contracts in restraint of trade: Construction: Limitation.* While there are cases where a contract in restraint of trade, general in its terms as to the place or extent of territory over which it should extend, may, in the light of all the surrounding circumstances, be so construed that effect can be given to it, yet it is not always easy or safe to thus construe and then enforce such a contract; especially where there is no certainty that the contract as thus construed and limited was the one the parties had in mind and intended to provide for in their agreement.

*Equity jurisprudence: Injunction: Uncertainty: Indefiniteness.* An agreement to "never tow vessels in competition" with complainants, or either of them, is too uncertain and indefinite to be enforced by injunction, since every case of alleged violation would involve the consideration of the questions of fact, depending on the peculiar circumstances of each case, whether there was in fact any competition, whether complainants at the time were furnishing sufficient facilities, and what ought to be considered sufficient facilities.

*Heard January 14.   Decided January 21.*

Appeal in Chancery from Mason Circuit.

*H. H. Wheeler* and *C. G. Wing,* for complainants.

*White & Haight,* for defendant.

MARSTON, J:

We do not deem it necessary to discuss the various questions raised in this case, as we are in the outset met with some serious difficulties in the way of granting the relief prayed for.

The bill was filed to restrain defendant from violating the following contract:

"Whereas Caswell and Breinig have heretofore released Gibbs and Maxim from a contract for towing and delivering logs, now, in consideration thereof, I, Chauncey Gibbs, do hereby agree that I will never tow vessels in competition with said Caswell and Breinig, or either of them.

"Dated at Ludington, Michigan, this 19th day of May, 1873.

    "(Signed)  CHAUNCEY GIBBS.

"I agree to same as above.

    "(Signed)  A. A. MAXIM."

This agreement is not set forth in full in the bill of complaint, but is there treated and referred to as an agreement that the said Gibbs and Maxim, "each contracting for himself separately, would never tow vessels in competition with your orators, to-wit: at the port of Ludington."

It is thus apparent that counsel recognized the necessity of restricting and limiting the agreement in respect to the place at which such towing was not to be done. There is no such limitation in the agreement, nor is there any thing in it from which such a limitation could be inferred. While there may be, and undoubtedly are cases where a contract general in its terms as to the place or extent of territory over which it should extend, as in *Hubbard v. Miller, 27 Mich., 15,* may, in the light of all the surrounding circumstances, be so construed that effect can be given to it, yet it is not always easy or safe to thus construe and then enforce it. Many cases must arise, and we think this one of them, where there would be no certainty that the contract as thus construed and limited was the one which the parties had in mind and intended to provide for in their agreement. But without disposing of the case upon this point, and admitting for the present that it might be so restricted, there are still other serious difficulties to be encountered in the way of enforcing such an agreement.

This is not an agreement on the part of defendant Gibbs that he will not thereafter tow vessels at Ludington while complainants are engaged in that business, but it is that he will not tow vessels in *competition* with complainants, that is, that he will not seek or endeavor to obtain the right to tow any vessel or vessels which complainants are endeavoring to obtain. It is the action of seeking the same object which constitutes the competition. Take the case of a vessel where complainants for some reason were unable to tow her, or where a third party, and not complainants, were endeavoring to do the work; defendant might here step in and do the work or compete with such third party for the contract or right to tow the vessel, without any violation of the agreement in this case. So that should

we attempt to enforce this agreement by restraining and enjoining defendant from competing with complainants in the business of towing vessels at Ludington and in that vicinity, the question must still arise in every instance where it is alleged that defendant has violated his agreement or the decree of the court, whether the defendant did in such case really obtain that which, had he not interfered, the complainants would have obtained. The bill of complaint as framed recognizes this difficulty, and prays that defendant "may be enjoined and restrained from towing vessels at said port of Ludington, Mason county, Michigan, in competition with your orators, and from towing vessels into or out of said port of Ludington, while your orators are engaged in the same business of towing vessels into or out of said port of Ludington, and *while your orators furnish sufficient facilities for, and faithfully perform, or offer to perform, all such towing business at said port.*"

The question, therefore, not only as to whether there was in fact any competition, but also whether complainants at the time were furnishing "sufficient facilities," and what would be considered "sufficient facilities," must arise in every case of an alleged violation.

The difficulties in the way of enforcing an agreement of this uncertain and indefinite character were so fully discussed in *Blanchard v. Detroit, Lansing & Lake Michigan R. R. Co., 31 Mich., 43,* that a bare reference to that case is sufficient to dispose of this one. It would be difficult to add any thing to the reasons there presented, which must be considered conclusive in this case. I am of opinion that the decree of the court below dismissing the bill should be affirmed, except that it should be so modified as to be without prejudice, complainants to recover costs of both courts.

The other Justices concurred.