(114 App. Div. 862)

SANFORD DAIRY CO. v. SANFORD.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

INJUNCTION—SALE OF GOOD WILL—BREACH OF CONDITIONS.

A partnership agreement stipulated that, on retirement of any partner on a dissolution of the partnership, he should not thereafter carry on the same kind of business, so as to interfere with, draw any customers from, or in any way hurt or damage the business established and carried on by the firm. Held, in an action to restrain breach of such agreement, that because of the indefinite character of the same it would be enforced only so far as to prevent defendant, a retiring partner, from soliciting customers of plaintiff, assignee of the partner retaining the business, directly or indirectly, whether such customers were the old customers of the firm,

or those who had become customers of plaintiff after the dissolution of the partnership.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 121, 112.]

Appeal from Special Term, Orange County.

Action by the Sanford Dairy Company against Milton L. Sanford. From an interlocutory judgment for plaintiff, defendant appeals. Modified and affirmed.

See 81 N. Y. Supp. 563.

The defendant and Pierson E. Sanford were copartners carrying on business as dealers in milk and other dairy products. Their partnership agreement contained a provision that "upon the retirement of any partner upon the dissolution of said copartnership by reason of the expiration of its term or otherwise, he shall not thereafter carry on the same kind of business in such manner as to interfere with, draw any customers from, be in opposition to, or in any way hurt or damage the business already established and carried on by said firm."

In an action brought by the defendant for that purpose the said partnership was dissolved, and all of the assets thereof sold by a receiver, "including the good will of the said business theretofore conducted by the said copartnership, together with the right to enforce any and all covenants and agreements in said copartnership agreement contained" (i. e. the partnership agreement of the said partnership).

The said copartner Pierson E. Sanford became the purchaser of all thereof at the sale, and he afterwards transferred the same to the plaintiff, a corporation, including the right to enforce the said covenant, and became a stockholder and officer of the plaintiff.

Other facts are in the opinion.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Henry Bacon, for appellant.
Edwin S. Merrill, for respondent.

GAYNOR, J. The defendant was not precluded by the partnership agreement from carrying on the same kind of business, nor restricted or excluded therein in respect of territory, on retiring from the partnership business. The agreement is only not to carry on such business "in such manner as to interfere with, draw any customers from, be in opposition to, or in any way hurt or damage the business already established and carried on by said firm." A controversy can arise under this in respect of numberless acts, business methods and policies of the defendant in his new business in respect of whether they violate the agreement. How is it to be determined whether they "interfere with, draw any customers from, be in opposition to, or in any way hurt or damage the business" of the plaintiff? Many or most cases of alleged violation would involve the consideration of the question whether they in fact amounted to carrying on the business in a way to affect the plaintiff's business within the general prohibition of the agreement. Courts of equity will not take upon themselves the burden of interpreting and enforcing an agreement as unprecise, as infinite in its details and ramifications, as obscure as this. Parties have no right to cast such a burden on courts of equity; on the contrary, it is for them to make such an agreement specific. It was for the parties in this in-

stance to have specified the things which would interfere with, hurt, be in opposition to, or draw away the customers of the business. Caswell v. Gibbs, 33 Mich. 331; High on Inj. § 1178; Stokes v. Stokes, 148 N. Y. 708, 43 N. E. 211.

This agreement should be enforced only in the respect in which it is not open to doubt. Beyond doubt it prevents the defendant from soliciting the plaintiff's customers, directly or indirectly, for himself, the plaintiff, or any one else, and in this respect only should it be enforced. The trial court has found that he did this in respect of five customers. The interlocutory judgment should have been restricted to that way of violating the agreement, and empowered the referee to take evidence of the damage done in the five cases, and like cases, and no other evidence.

The agreement includes not only the old customers of the partnership, but all who have since become customers of the plaintiff's business, it contemplated a changing and growing business.

The interlocutory judgment should be modified as above, and as thus modified affirmed without costs. All concur.