WEISS *v.* STEIN.

1. CONTRACTS—CONSIDERATION—AGREEMENT NOT TO RE-ENGAGE IN BUSINESS—INJUNCTION.

The consideration paid for a stock of shoes is sufficient to support both the sale and an agreement not to re-engage in the business of selling shoes, if the agreement was made at the time of the sale.

2. SAME—PRESUMPTIONS—EVIDENCE—BURDEN OF PROOF.

Where defendant claimed that the agreement was made subsequent to the sale, the burden of proof is upon him to overcome the presumption that the entire contract was made on the date which it bore.

Appeal from Emmet; Shepherd, J. Submitted April 7, 1915. (Docket No. 16.)   Decided July 23, 1915.

Bill by Max Weiss against Joseph F. Stein for an injunction restraining defendant from re-engaging in the shoe business in violation of contract. From a decree for complainant, defendant appeals. Affirmed.

*Deuel & Reynolds,* for complainant.

*Halstead & Halstead,* for defendant.

BIRD, J. On the strength of the following agreement, complainant filed his bill of complaint to enjoin the defendant from carrying on the business of selling shoes in the village of Harbor Springs in violation of the agreement:

"HARBOR SPRINGS, MICH., 1-24-1905.

"It is agreed between Max Weiss and J. F. Stein to sell the shoes and rubbers to Max Weiss at 75c on the dollar and the same to be taken out inside of this week. Terms $100.00 a month every 1st of the month.

"MAX WEISS.
"J. F. STEIN.

"I agree not to keep shoes or rubbers of any kind at my store.                    "J. F. STEIN."

187 Mich.—24.

The defendant admits that he sold his stock of shoes to complainant, that he received payment therefor, and that he signed the foregoing agreement, but insists that there was no consideration for his agreement not to re-engage in the shoe business in Harbor Springs, as that part of the agreement was indorsed on the contract a week or ten days after the sale was made and the goods delivered. The complainant claims that the foregoing agreement and all of it was made and signed on the evening of the 24th day of January, 1905; that an inventory was taken and the goods were turned over on the 26th day of January. The chancellor held that there was a presumption that the entire paper was executed on the date which it bore, and that the burden of the evidence to show otherwise was on the defendant, and that he had failed to discharge that burden, and accordingly found that complainant was entitled to relief which was granted.

The only question discussed by appellants in their brief is that complainant failed to establish, by a preponderance of the evidence, that defendant ever agreed for a valuable consideration to quit the business of selling shoes. The burden of establishing such an agreement as complainant claims was upon him. If the agreement not to re-engage in the business was made at the time of the sale, the consideration paid for the shoes was a sufficient consideration to support both the purchase and the agreement. *Hubbard* v. *Miller*, 27 Mich. 15 (15 Am. Rep. 153); *Weickgenant* v. *Eccles*, 173 Mich. 695 (140 N. W. 513).

Both complainant and his wife testified positively that the agreement to not re-enter the business of selling shoes was a part of the original agreement, and was inserted in the agreement at the time it was made. The defendant and his wife were just as positive that the provision was inserted in the contract a week or ten days after the sale was made and the goods delivered.

There is some testimony which tends to show that defendant's wife was not present when the contract was made on the 24th, but was present on the 26th when the bill of sale was executed. But passing over this and giving to each of the parties equal credit, the defendant must fail in this proceeding, as the burden of the evidence was upon him to show that the agreement was made and indorsed on the contract at a later date.

In view of this, we think the chancellor reached the right conclusion, and the decree will be affirmed, with costs of both courts to complainant.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.