THE SUBURBAN ICE MANUFACTURING & COLD STORAGE
CO. v. MULVIHILL, D. B. A. MULVIHILL ICE CO.

*Breach of contract—Sale of good will of business—Directed
verdict—Competition not started until three years after
sale—Good will cannot be impaired by soliciting business
of old customers.*

1. Evidence as to breach of contract for sale of good will
   by seller of ice business, who started competitive busi-
   ness three years later, *held* insufficient to take issue to
   jury, the contract not providing against seller engaging
   in competing business.
2. Pronouncement of *obiter dictum* is valuable only as court's
   view of law on such subject.
3. Seller of ice business, including good will, cannot impair
   good will by soliciting business of old customers before
   buyer has time to make them his own.

(Decided March 29, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Pogue, Hoffheimer & Pogue, Mr. Oliver
S. Bryant,* and *Mr. George E. Mills,* for plaintiff
in error.
*Mr. James R. Clark,* for defendant in error.

HAMILTON, J. Defendant in error brought suit
against the plaintiff in error in the court of com-
mon pleas upon a promissory note. The execution
and delivery and nonpayment of the amount claim-
ed in the petition is admitted in the answer.

Plaintiff in error, defendant below, by way of
cross-petition, claimed damages against plaintiff
for breach of his contract in the sale of the assets

and the good will of his ice company, for which the note was a part consideration.

The execution and nonpayment of the note being admitted, the case was heard, and evidence introduced, on the cross-petition. At the close of the evidence of the cross-petitioner, plaintiff moved for an instructed verdict in his favor, for the full amount claimed in the petition, and that the cross-petition be dismissed, for the reason that there was no evidence to support the allegations thereof. The trial court granted the motion, and charged the jury as follows:

"The cross-petition of the defendant alleges a breach of contract, whereby it prays damages against the plaintiff for such breach of contract. The court, on consideration of all the evidence in this case, finds there is no evidence to support the allegations of the defendant's cross-petition, and therefore, on this branch of the case, your verdict must be for the plaintiff. That leaves nothing then but the verdict on the petition. You will, therefore, return a verdict in this case in favor of the plaintiff against the defendant in the sum that I have specified."

A verdict was returned accordingly, judgment entered on the verdict, and error is now prosecuted from that judgment.

The question then is, Is there any evidence to support all of the material allegations of the cross-petition?

On January 10, 1916, the Mulvihill Ice Company sold to the Suburban Ice Manufacturing & Cold Storage Company all of the right, title, and interest of the Mulvihill Ice Company, consisting of

horses, wagons, harness, and all equipment, together with its good will, the consideration being $5,000 in treasury stock of the Suburban Ice Manufacturing & Cold Storage Company and the note sued upon in this case. Edward Mulvihill was the sole owner of the Mulvihill Ice Company, and, upon the merger, Mulvihill became an officer and employe of the Suburban Ice Manufacturing & Cold Storage Company, and continued with it until March, 1919, somewhat over three years. At this time Mulvihill left the Suburban Ice Manufacturing Company, and, as charged in the cross-petition, engaged in a retail ice business, selling to, and soliciting among, his old customers and the customers of the defendant company along the same route as prior to the March, 1916, merger. The contract of sale did not provide against Mulvihill going into a competing business.

It is charged that the soliciting of the old customers over the same route is a violation of the merger contract in which Mulvihill sold the good will of his business to the Suburban Ice Manufacturing & Cold Storage Company. As heretofore stated, the trial court held there was no evidence to sustain the allegations of the cross-petition. It is urged that the trial court was constrained to this ruling by the decision of Judge Spear in the case of *Brass & Iron Works Co.* v. *Payne,* 50 Ohio St., 115, 33 N. E., 88, 19 L. R. A., 82. In the course of the opinion, at page 118, (33 N. E., 89), Judge Spear said:

"He may carry on a like business in the immediate vicinity, and may solicit the patronage of old customers, both by advertisement and private

solicitation, so long as he does not mislead customers into the belief that he is carrying on business as the successor of the old firm.''

It is urged by counsel for the Suburban Ice Company that this pronouncement is obiter; that the real question in that case was the use of the name of the old firm by the retired member; and that soliciting of customers was not involved. On examining the case we find this to be correct, and the pronouncement in the opinion by Judge Spear is only valuable as his view of the law on the question of solicitation of former customers. But, if the trial court gave more consideration to the *Iron Works case* than the law justifies, it does not follow that his action in instructing the jury was erroneous. Mulvihill sold the good will of his own business to the Suburban Ice Manufacturing Company. Having done so, he is not entitled to impair that good will by his own conduct in soliciting and taking away the business, the good will of which he has sold. Soliciting and enticing away the former customers would impair the good will of the business that he had sold.

We are of opinion that the rule of law applicable is laid down in the case of *Labouchere* v. *Dawson,* L. R., 13 Eq., 322. The syllabus in that case follows:

''The vendor of a business and the good will thereof may, in the absence of express stipulation to the contrary, set up a business of the same kind either in the same neighborhood or elsewhere, and may publicly advertise the fact of its having done so; but he must not solicit the customers of

the old business to cease dealing with the purchaser, or to give their custom to himself."

In the case of *Trego* v. *Hunt*, L. R. App. Cas., (1896), p. 7, the House of Lords of England had the question before it, and in the course of the opinion Lord MacNaughten said:

"The principle on which *Labouchere* v. *Dawson* rests has been presented in various ways. A man may not derogate from his own grant; the vendor is not at liberty to destroy or depreciate the thing which he has sold; there is an implied covenant on the sale of good will, that the vendor does not solicit the custom which he has parted with; it would be a fraud on the contract to do so. These, as it seems to me, are only different turns and glimpses of a proposition which I take to be elementary. It is not right to profess and purport to sell that which you do not mean the purchaser to have; it is not an honest thing to pocket the price and then to recapture the subject of sale, to decoy it away or call it back before the purchaser has had time to attach it to himself and make it his very own."

While the authorities in this country are far from uniform on the question, we are of opinion that the great weight of authority will sustain, and is in accord with, the above pronouncement in the case of *Trego* v. *Hunt*, and it seems to us entirely sound.

It will be recalled that the court instructed the verdict in favor of the plaintiff, and against the cross-petitioner, on the ground that there was no evidence to support the allegations of the cross-petition. An examination of the record shows

there was some evidence tending to show that
Mulvihill, in starting his new business, solicited
those who were his customers prior to the merger
in 1916, and that some of his men called on such
customers and sold ice books to them, so that
there is evidence tending to show a solicitation.
But it will be noted that the sale and merger took
place on or about the 1st of March, 1916; that
Mulvihill did not go into competition with the
Suburban Ice Manufacturing & Cold Storage Com-
pany until March, 1919, more than three years
later. This evidence is undisputed. The cross-
petitioner's evidence establishes the fact. Apply-
ing to the present case the rule above referred
to, that "it is not an honest thing to pocket the
price and then to recapture the subject of sale,
*to decoy it away or call it back before the pur-
chaser has had time to attach it to himself and
make it his very own,"* the undisputed evidence
discloses that the Suburban Ice Manufacturing &
Cold Storage Company had three years in which
to attach the customers to itself, and to make
them its very own. The customers would only be
customers of the Suburban Ice Manufacturing &
Cold Storage Company by virtue of the sale of
the good will. Under the facts of this case, three
years must be considered sufficient time in which
to attach that good will to itself, and make it its
own. After three years of service to the cus-
tomers, they could no longer be called old cus-
tomers of the Mulvihill Ice Company, but were
customers of the Suburban Ice Manufacturing &
Cold Storage Company. To hold otherwise would

be unreasonable, in restraint of trade, and contrary to public policy.

Our conclusion is that the record fails to disclose any evidence of actionable breach on the part of Mulvihill, and the trial court did not commit prejudicial error in instructing the jury as it did.

*Judgment affirmed.*

Buchwalter, P. J., and Cushing, J., concur.