TERMINAL VEGETABLE CO., INC., PLAINTIFF-APPELLANT, *v.*
BECK ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26568.   Decided January 29, 1964.

*Mr. Louis E. Weitz*, for plaintiff-appellant.
*Messrs. Parks & Eisele*, for defendants-appellees.

SKEEL, C. J.   This appeal comes to this court on questions
of law from a judgment entered for defendants on defendants'
demurrer by the Court of Common Pleas of Cuyahoga County.
The action is one for money damages for breach of plaintiff's
rights under a contract whereby the plaintiff purchased the

wholesale vegetable business of the defendants, Russell H. and Anna L. Beck, for the wrongful interference with plaintiff in the conduct of the business purchased.

The petition alleges that in December of 1959, plaintiff purchased from the defendants, Anna L. Beck and Russell H. Beck, under the terms of a written agreement, the Becks' Wholesale Vegetable business which they (the Becks) were then operating. It further alleges that as an inducement to persuade the plaintiff to enter into the purchase of said going business, the Becks promised that if the plaintiff would agree to employ Russell H. Beck during the summer of 1960 that he (Russell H. Beck) would retire from the wholesale produce business. It is alleged that except for such assurances, the plaintiff would not have entered into the purchase agreement.

In 1961, it is alleged Russell H. Beck made a demand to the plaintiff that it reemploy him for the summer (of 1961), the demand including the threat that if said employment was not agreed to on Beck's terms, he would accept employment from the defendant, The Cleveland Growers Market, whose place of business was next door to the plaintiff's business address. (The Cleveland Growers Market is a competitor, transacting like business with that of the plaintiff.) It is further alleged that upon plaintiff's refusal to reemploy Beck on the terms he demanded, the defendant, Russell H. Beck, in violation of his obligations under the sale, entered into employment with the defendant, The Cleveland Growers Market, the latter being fully informed of the fact that Beck, in entering its employ for the year 1961, was violating his obligations to the plaintiff. It is alleged that for the benefit of his new employer, who was fully advised of plaintiff's rights to the goodwill of Beck's former business for its benefit, Russell H. Beck solicited his former customers, informing them that he was to be and was affiliated with defendant, The Cleveland Growers Market, thereby attempting to induce the customers with whom he once had done business when operating the business he sold to plaintiff, and, as a consequence, a great many of plaintiff's customers transferred their business to Russell H. Beck and his new employer, The Cleveland Growers Market, to plaintiff's damage.

The defendants Beck demurred to plaintiff's amended petition, stating as the grounds for the demurrer that the petition

did not state a cause of action. It needs no citation of authority to declare that the demurrer admits for the purposes of the demurrer all of the well pleaded allegations of the petition. By giving the allegations their most favorable interpretation in favor of the pleader, it must be concluded that the sale of the "business" must have included the "goodwill" it had generated under the management of the Becks. The sale was of the business as a going concern.

The inducement to enter into the contract, as pleaded, was made on behalf of the present owners, for their benefit. It was not an employment contract. We are not, therefore, concerned with the law dealing with restrictive covenants as a part of employment agreements. Nor is the question here presented, as argued in the briefs, one concerning a restrictive covenant not to compete with plaintiff after the sale of a business. No such claim is pleaded. The legal claim presented is whether or not the defendant, Russell H. Beck, and his new employer, may attempt to destroy or purposely minimize the value of the goodwill of a business which he has sold, by aggressive competition within a time necessarily needed by the plaintiff to obtain the benefits of the goodwill purchased under the assurances pleaded. There is no time alleged within which the defendants Beck agreed (by his promise to retire) not to interfere with the goodwill of the business sold. It must be concluded that a reasonable time within which to possess the advantages of the commercial relationship between the plaintiff and the former customers of the defendants Beck must pass before Beck can seek, without violating plaintiff's rights in the goodwill purchased, to do business with his former customers.

The meaning of the term "goodwill" is clearly set out in Black's Law Dictionary and is, in part, as follows:

"* * * The advantage or benefit which is acquired by an establishment, beyond the mere value of the capital, stocks, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from the constant or habitual customers, on account of its local position. * * *."

In the case of *Snyder Manufacturing Co.* v. *Snyder*, 54 Ohio St., 86, 43 N. E., 325, the court, in defining "goodwill" states on page 91:

"Without attempting an accurate or exhaustive definition of the good will of a business, it may be said that it practically consists of that favorable reputation it has established creating a disposition or inclination of persons to extend their patronage to the business on that account; and, as the business is always associated with the name under which it is conducted, the name becomes a part, and often an important part of its good will."

Also, in the case of *Lima Tel. & Tel.* v. *Public Utilities Comm. of Ohio*, 98 Ohio St., 110, 120 N. E., 330, the court said that the goodwill value of any business enterprise is the value that results from the probability that old customers will continue to trade with the established concern.

It must be concluded that the goodwill transferred to a buyer is a property right that must be respected by the seller for a sufficient time to permit the buyer to make the business customers his own. In the case of *Ice & Storage Co.* v. *Mulvihill*, 21 Ohio App., 438, 153 N. E., 204, the court said in the third paragraph of the syllabus:

"3. Seller of ice business, including good will, cannot impair good will by soliciting business of old customers before the buyer has time to make them his own."

And in the case of *Soeder* v. *Soeder*, 82 Ohio App., 71, 77 N. E. (2d), 474, the court said in the fourth paragraph of the syllabus:

"4. While the vendor of a business with goodwill included in the sale cannot impair the goodwill by directly soliciting the old customers of the business before the buyer has had time to make them his own, nevertheless, a period of three years must be considered a sufficient time to attach goodwill to the buyer and make it his own."

The time which must be allowed a purchaser to make the customers of the purchased business "his own" is a question of fact for the determination of the jury or the court in the event a jury is waived on the allegations set out in the petition. Certainly to accept employment by a competitor who joins with him in active solicitation of his former customers that he had developed when he owned the business sold to the plaintiff, thus diminishing the value of the goodwill of such business, requires the defendant to show as a defense that sufficient time had elapsed under the surrounding circumstance for the

plaintiff to make the customers his own unless the time elapsing between the sale and defendants subsequent acts can be said as a matter of law to be sufficient to protect the plaintiff to the extent necessary in the enjoyment of that which he purchased. The facts coming within "the circumstances to be considered" —in addition to the sale of a going business—is the fact that the defendant, Russell H. Beck, continued as an employee of plaintiff during the summer of 1960, striving to maintain the goodwill of plaintiff's business and then attempted to destroy it by accepting employment with plaintiff's next door competitor in 1961 by soliciting the same customers for his new employer.

The judgment of the trial court is, therefore, reversed as contrary to law and the cause is remanded to the trial court with instructions to overrule the demurrer and for further proceedings according to law.

SILBERT and WASSERMAN, JJ., concur.