PATRONS MUTUAL FIRE INSURANCE CO. v. PERL.

1. INSURANCE—CANCELLATION OF POLICY—FRAUD—EVIDENCE — ADMISSIBILITY.

In a suit by a mutual fire insurance company for the cancellation of a policy of insurance on the grounds of breach of warranty, misrepresentation, and fraud in procuring it, testimony as to the value of the insured building by witnesses who had never seen it was properly rejected.[1]

2. SAME—INSURED NOT LIABLE FOR MISSTATEMENTS OF INSURER'S AGENT IN APPLICATION.

Where insured never signed any written application, and never authorized any one to sign it for him, he could not be held liable for statements made therein by the insurer's agent, and where the premium was paid and a loss occurred, the insurer was liable therefor.[2]

3. SAME — POLICY NOT VOID FOR BREACH OF CONDITION NOT INJURIOUS TO INSURER—STATUTE.

Under section 17, Act No. 264, Pub. Acts 1921, providing that no policy of fire insurance should be "declared void by the insurer for the breach of any condition of the

[1]Fire Insurance, 26 C. J. § 205; [2]Id., 26 C. J. § 188.

policy if the insurer has not been injured" thereby, a mutual fire insurance company may not declare a policy void because of misstatements in the application made out by its agent, where it appears that the fire which destroyed the insured building did not originate on insured's premises, but 100 feet away.[3]

Appeal from Ingham; Collingwood (Charles B.), J. Submitted June 10, 1924. (Docket No. 47.) Decided October 6, 1924.

Bill by the Patrons Mutual Fire Insurance Company of Michigan against Mike Perl and others for the cancellation of a policy of insurance. Defendants filed a cross-bill to enforce the payment of said policy. From a decree for defendants, plaintiff appeals. Affirmed.

*Kinnane & Leibrand*, for plaintiff.

*John J. Walsh*, for defendants.

MOORE, J. Plaintiff is a mutual fire insurance company and filed its bill of complaint in the circuit court for Ingham county to cancel a policy of insurance issued to the defendants for breach of warranty, misrepresentation and fraud in procuring the insurance. Defendants filed an answer denying all fraud and a cross-bill asking for a decree for the amount of the policy. A hearing was had in open court, after which the trial judge said in part:

"This court must be governed by the testimony that comes to it in open court, and not by any preconceived notions that the court may have. The testimony of the plaintiff fails to show any fraud or misrepresentation. The policy was issued upon an application which defendant testifies was made out by an agent of the company after a conversation with defendant Shankey. It is not shown that Shankey signed this application. But the application itself shows that it

[3]Fire Insurance, 26 C. J. § 201.

was signed by the agent.    On that application a policy was issued and was accepted by these defendants. The agent is not called to contradict any of these statements which Mr. Shankey claims he made to the agent, and therefore Mr. Shankey's testimony must be taken as true.  *  *  *  In all of this matter the plaintiff insurance company was apprised of every step from the time the application was made, after the policy was issued, after the fire, there being no testimony to show that the agent of the company was not still on the ground, and it being shown that some three months after the fire they did send an inspector to look the situation over.    Now this court has an old fashioned notion that when a man takes out a policy of insurance he does it to protect himself.    And that after a policy was taken without fraud that the business of the company is to reimburse him.    Fraud cannot be assumed.    It must be proved.  *  *  *

"In this case the bill is dismissed and the policy held to be good.    The value of the property is found to be above $5,000, and the order will be entered that the company shall pay $3,000 with interest from the time the loss occurred."

A decree was entered in accordance with the opinion. The case is brought into this court by appeal.

The plaintiff complains of the exclusion of some of the testimony offered by it.  Counsel did not take the testimony offered and bring it into this court as they might have done under the provisions of the judicature act, so called (3 Comp. Laws 1915, § 12493).

Counsel sought to show that the building which was burned was not as valuable as defendants claimed it was.    The testimony offered was from witnesses who had never seen the building and had no personal knowledge of the quantity or quality of the material from which it was constructed.    In excluding this testimony the judge informed counsel in effect that he would receive any testimony from one having knowledge of what he was about to testify.    No competent testimony so far as the record before us shows was excluded.

Complaint is made of the admission of testimony offered on the part of the insured because it contradicts the written application.    To pass upon· this question understandingly we must recall the claim of the insured.    It is their claim that the defendants Perl bought the land upon which the building was erected for $450, and paid for it in full before commencing the erection of the building.    It is their claim that each of the defendants Perl put into the enterprise $1,000, and that the other defendant who was the brother-in-law of the Perls furnished the remaining portion of the material, and that the building cost upwards of $5,000.

The brother-in-law, Mr. Shankey, acted for all of the defendants in obtaining the insurance.    It is his testimony that he did not seek out the agent of the plaintiff company, asking for insurance, but that the agent who lived not far from the building sought him and urged him to insure, and that after several interviews a policy was issued in the sum of $3,000, for which a premium of $104.70 was paid.    He also testified that he made no written application for the insurance, and that he never authorized any one to sign a written application for him.    The agent did not testify in the case.

It is difficult to see how defendants should be held liable for statements they never made nor authorized. In this connection the language of the court in *Northern Assurance Co.* v. *Kelly,* 217 Mich. 1, is in point.    We quote:

"In the early case of *Temink* v. *Insurance Co.,* 72 Mich. 388, in an opinion written by Justice CAMPBELL, it was held that, where the agent put down answers that the appellant never made, the insurance company was liable.

"In *Haapa* v. *Insurance Co.,* 150 Mich. at page 471 (16 L. R. A. [N. S.], 1165), Justice OSTRANDER speaking for the court, quotes with approval as follows:

" 'The rule of *North American Fire Ins. Co.* v. *Throop,* 22 Mich. 146, is that,—

" ' ' "If there has been no fraud and no concealment, but a full and frank statement of all the facts, and the insurer has framed the paper to suit himself, in view of all the circumstances, the law would justly be subject to the reproach of favoring deception and fraud, if the insurer was allowed to retain the premium, and at the same time repudiate the contract, for his own failure to make its recital correspond exactly with the facts." '   *   *   *

"There is nothing to indicate in the instant case that Mr. Kelly had any desire to mislead or defraud the insurance company.   He did not seek the agents but they sought him, and it required a good deal of urging by them before he would make application for the insurance.   The chancellor found, and we think he was justified in finding, that Mr. Kelly told the representative of the company about the surgical operation in 1902 and about his vomiting up in 1912 the Murphy button.   *   *   *

"The decree is affirmed, with costs to the defendants."

We think section 17, Act No. 264, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9100 [254] ), is applicable to the instant case.   It reads:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach, and by reason of such breach of condition."

The fire which destroyed defendants' property did not originate on their premises, but 100 feet away, and it destroyed several buildings.

We think the decree of the court below is fully justified by the record, and it is affirmed, with costs to the appellees.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.