PALMER *v.* KLEINER.

1. Injunction—Temporary Injunction Serves Only to Maintain Status Quo.

An order granting a temporary injunction is an interim order serving only to maintain the *status quo* until the case can be tried upon its merits.[1]

2. Judges.—Temporary Injunctions—Circuits of More Than One Judge—When Order of Judge May Not be Set Aside by Another.

The purpose of section 12139, 3 Comp. Laws 1915, prohibiting one judge from setting aside or staying proceedings on orders or decrees of another judge of the same circuit is to guard against a confusion of conflicting orders or decrees involving the merits of a controversy in a judicial circuit of more than one judge, and does not provide or imply that when one judge of the circuit grants an interim order for a preliminary injunction no other judge may thereafter hear and decide the case on its merits after the interim order has served its purpose and automatically ended.[2]

3. Injunction—Case Heard on Merits.

Record *held*, to show that the case was heard upon its merits.[3]

4. Same—Equity Interference Not Warranted.

In a suit to restrain the prosecution of a summary proceeding, the conclusion of the court below that plaintiff has not presented a case demanding equitable interference, *held*, justified by the record.[4]

5. Appeal and Error—Effect of Failure to File Appeal Bond.

That no bond, on appeal, is shown to have been filed by appellant, is an equitable, though not controlling, consideration for appellees.[5]

Appeal from Kent; Brown (William B.), J.    Submitted June 9, 1926.    (Docket No. 33.)    Decided October 4, 1926.

---

[1]Injunctions, 32 C. J. § 2; [2]Courts, 15 C. J. § 600; Injunctions, 32 C. J. § 134 (Anno); [3]Dismissal and Nonsuit, 18 C. J. § 143; Injunctions, 32 C. J. § 603; [4]Id., 32 C. J. § 581; [5]Appeal and Error, 3 C. J. § 1141.

Bill by Melvin Palmer against Lillian Kleiner and another to enjoin summary proceedings and to quiet title to a lease. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Shelby B. Schurtz,* for plaintiff.

*Wicks, Fuller & Starr,* for defendants.

STEERE, J. Defendant Lillian Kleiner owns property in the city of Grand Rapids described in a lease which she gave to plaintiff as "289-291-293 Bridge street, N. W., consisting of four stories and a basement." Defendant Anthony Kleiner is her husband and alleged coadjutor in activities to dispossess plaintiff which this bill is primarily filed to enjoin. Plaintiff originally went into possession of said premises under assignment "from one Earl R. Miller of a certain lease of said premises dated April 16, 1920, between Lubetsky Brothers and Kleiner and said Earl R. Miller." Miller admittedly had been a tenant of Mrs. Kleiner. Claiming that by the terms of such lease plaintiff had no right to its assignment or possession under it, she first tried summary proceedings, and then brought ejectment in the circuit court of Kent county to recover possession of the property. But before her ejectment case came to judgment that controversy was settled by her accepting plaintiff as her tenant, under a lease of the premises she gave him on May 5, 1925, for approximately a 5-year term, or from March 1, 1925, to May 1, 1930, at a rental of $9,300 payable in monthly installments of $150 in advance.

This lease between Lillian Kleiner, lessor, and Melvin Palmer, lessee, runs in familiar form with customary phraseology as to payment of taxes, insurance, repairs, etc., by the lessee, with a detailed provision that he take the building and appurtenances in their then

236—Mich.—31.

condition of repair, make quite extensive specified repairs, including front steps, plaster in ceilings and other repairs to a second-hand store and a restaurant on the first floor, and from thence upward, specifying various repairs on the second, third, and fourth floors, also replacing broken window lights throughout the building and repairing leaks in the roof. The lease contains no express provision in exact language for *notice of forfeiture* or *right of re-entry* on breach of covenant. The word *covenant* is sparsely used. Each party individually covenants in express language but once. In paragraph 3 the lessee *covenants* to pay the installments of rent as they fall due, pay all taxes levied against the property and keep the same insured to the amount of $17,000. Paragraph 4 provides that the lessee shall not assign the lease or sublet the premises without written consent of lessor. In paragraph 5 he *agrees* to make described repairs within 60 days and to keep the premises in good repair, damage by fire and elements excepted. Paragraph 7 provides:

"7. The lessee further agrees that as security for the fulfillment of this lease the lessor may at any time, in case of default, levy upon any personal property which said lessee may then own, and lessee agrees that he will not incumber, sell or otherwise dispose of any of his personal property which may be contained in said building or be upon said premises, unless at the time such mortgage, assignment or disposition of the same is made, all covenants under this contract are fulfilled."

Paragraphs 8 and 10 read as follows:

"8. It is expressly and mutually agreed that in case any rent shall be due and unpaid, or if any default shall be made in any of the covenants herein contained, then it shall be lawful for said lessor, her certain attorney, heirs, representatives and assigns, to re-enter into and repossess the said premises, and the said

lessee and each and every other occupant to remove and put out. * * *

"10. The said lessor does covenant that the said lessee, on paying the aforesaid installments and performing all the covenants aforesaid, shall and may peacefully and quietly have, hold and enjoy the said demised premises for the term aforesaid."

Subsequent to making this lease and before August 31, 1925, Mrs. Kleiner unsuccessfully instituted two successive summary proceedings before Edward L. Eardley, a circuit court commissioner of Kent county, to obtain possession of the premises, and on August 31, 1925, she began a third summary proceeding to dispossess plaintiff before the same circuit court commissioner, the return day of the summons being September 4, 1925.

On September 2, 1925, plaintiff filed this injunction bill and obtained a temporary restraining order by a circuit judge of Kent county enjoining her from taking any further steps in the summary proceeding commenced on August 31, 1925, and from attempting to forfeit plaintiff's lease until further order of the court. Defendants answered issuably, asking dismissal of plaintiff's bill on various grounds. The case was brought to hearing on pleadings and proofs taken in open court before another judge of that circuit resulting in a final decree dismissing plaintiff's bill, and he has appealed.

"The Questions Involved," as stated in plaintiff's brief are, in substance, whether the judge who heard the case had jurisdiction after another judge of that circuit entertained it to issue and sustain a preliminary injunction; whether the judge who heard the proofs in open court on the issues made by the pleadings and rendered a final decree, heard the case on its merits or only on a motion to dismiss; and whether the bill of complaint states grounds for equitable relief.

In support of his contention that the judge who heard and decided the case was without jurisdiction plaintiff's counsel invokes 3 Comp. Laws 1915, § 12139, prohibiting one judge from setting aside or staying proceedings on orders or decrees of another judge of the same circuit. Neither the statute nor decisions cited thereunder apply to the situation presented here. The manifest purpose of the statute was to guard against a confusion of conflicting orders or decrees involving the merits of a controversy in a judicial circuit of more than one judge. This was an interim order. The preliminary *ex parte* injunction granted on filing the bill was not directed to the merits of the case but served only to maintain the *status quo* while the case progressed to a trial on its merits. It stood in full force until the case came to a final hearing. It had then served its purpose and automatically ended. The statute does not provide nor imply that when one judge of the circuit grants an interim order for a preliminary injunction no other may thereafter hear and decide the case on its merits.

The record of this case shows that after it was at issue on bill and answer it "came on for hearing and trial in open court, as in a suit at law," at a session of the circuit court for Kent county, in chancery, with both sides represented by their solicitors and was heard upon pleadings and proofs taken in open court, before the circuit judge who rendered the final decree from which this appeal was taken. When the first witness was called by plaintiff and sworn the court asked plaintiff's counsel, "What is the nature of this? Is it a trial or is it preliminary?" To which plaintiff's counsel replied, "This is a trial." Later in the hearing the court, addressing counsel, asked and was answered:

"Now, the issue in this case is as to whether you

are entitled to proceed in case docket No. 7,389. Now, the claim of the plaintiff in this case is that these circuit court commissioner proceedings are vexatious and without foundation or justification in law or in fact. That is what I understand the claim of the plaintiff to be, and this suit is brought solely to restrain the bringing of this suit No. 7,389 and subsequent suits about the title to this property?

"*Mr. Schurtz* (plaintiff's counsel): Also to compel the defendant, Lillian Kleiner, to give the plaintiff, Melvin Palmer, that peaceable possession which he is entitled to.

"*The Court:* That is, what is involved is to quiet Palmer's tenure?

"*Mr. Schurtz:* Yes."

The "Certificate of Court" on settling the record for review reads in part as follows:

"Thereupon, the testimony and proofs in this cause were closed and the same argued by counsel, and the court having taken the same into consideration, * * * at the request of Shelby B. Schurtz, attorney for plaintiff, and Glenwood C. Fuller, attorney for defendants, having been heard in relation thereto, I, the undersigned, the judge of said court before whom the said evidence was taken and this cause tried, do hereby certify that the foregoing case and transcript contains the substance of all the evidence given in the said cause."

The case was heard upon its merits, as the trial court saw them.

Plaintiff's pleading is essentially an injunction bill to restrain defendants from interfering with his quiet possession of the leased premises by alleged unfounded and repeated litigation. But it is also freighted with allegations of fact and arguments bearing upon the respective rights of the parties under the lease in their relations of landlord and tenant. It asks construction of the lease and full determination of their rights as they appeared at the time of hearing, a permanent injunction to restrain defendants from taking any

further steps in their pending summary proceedings, and a mandatory injunction to compel "defendants to accept the monthly rental of $150 as it becomes due and is tendered to defendants by plaintiff."

Illustrative of various issues urged in this chancery suit, plaintiff contended that he tried to pay his monthly rental when due and regularly sent his lessor checks for the same, which she accepted up to June 1, 1925, thereafter tendering back the next month's rent in the commissioner's court, where she had commenced summary proceedings, claiming he had forfeited his lease. Her counsel admitted such checks were sent her but claimed they were not good. It is not shown that she ever tried to cash them or they were ever presented for payment and dishonored. This would seem to be a legitimate issue for the commissioner in her summary proceeding. We are impressed, as was the trial court, that the drift of plaintiff's testimony on that hearing was largely directed to trying or retrying issues which were legitimately within the jurisdiction of the commissioner, and are of opinion that the trial court did not err in his conclusion that this entire controversy was and is, so far as not already decided, triable on the law side of the court. Unquestionably, material issues squarely presented, tried before and determined by the commissioner and not appealed from in the former cases, may not be retried in a later case, but cannot preclude subsequent proceedings arising out of new issues and demands during the life of the lease.

The story of this litigation is confirmatory of the trial court's emphatic views that some one blundered more than once. Mrs. Kleiner unsuccessfully launched two of the four actions complained of in which she made plaintiff a defendant before giving the lease in question. The first was decided against her and the second she settled after a jury trial had been entered upon. The next blunder was by plaintiff who failed

to profit by experience and made the claim he could not repair the leak in the roof because it was beyond repair and his lease did not require him to put on a new roof.     Defendants' answer was a summary proceeding to dispossess him for violating the terms of his lease.     Although he later saw new light and offered to pay for the roof, an acute incompatibility of temper had developed between him and Mrs. Kleiner's husband, Anthony, who, as plaintiff testified, demanded that he make $1,500 worth of specified repairs within 60 days and "said I would have to do them or get out, if it cost him $10,000."     This was not denied by Anthony when subsequently called as a witness, but he asserted that he "did not want to get him out." Anthony's zeal is shown to have outrun his judgment in his haste to head off plaintiff from paying taxes on the property as required by his lease.     He got to the treasurer's office first and when plaintiff went to pay them within the time required he found they had been paid.     He was not allowed to testify what was there said to him, but Anthony admitted he paid them when they fell due, and told them, "there is the taxes, you don't have to take it from Palmer."

It was also sought by plaintiff to try out the question of repairs, but the court had become somewhat impatient at counsel's extending the testimony through issues deemed clearly within law jurisdiction and offered some rather emphatic reflections applicable to both parties upon the course which had been and was being pursued in this litigation, and in effect declined to entertain further testimony along those lines.     Plaintiff's counsel insists the court sitting in chancery had no right to refuse any testimony counsel desired to introduce and that the court committed palpable error in shutting it out.

During the progress of the hearing the court in discussing the issue with counsel stressed the well-

established rule that equity courts will not interfere by injunction to restrain proceedings at law where a complete defense is as available in that action as in equity, unless fraud or fraudulent collusion is shown, and insisted on confining the evidence to such issue. It appeared that Mrs. Kleiner had been represented by counsel in her several unsuccessful actions in which no appeal for review had been taken, and some rather uncomplimentary reflections had passed as to her counsel's course in that particular.        The court had suggested it might be a proper matter of equitable cognizance.

"If there was a charge or allegation of a collusion or conspiracy between plaintiff (in the law cases) and his counsel whereby tantalizing, annoying and expensive proceedings were being brought for the purpose of distressing the defendant in this case,"

and after some further discussion said:

"But on the face of these proceedings here, it has got to be admitted that they were brought in good faith so far as the relations between the plaintiff and his counsel are concerned."

The court then told plaintiff's counsel (in this case) he could put in any evidence he wished tending to show a conspiracy or collusion in connection with the summary proceeding sought to be enjoined between plaintiff and counsel "to bring proceedings for the purpose of tantalizing and irritating the defendant." Plaintiff's counsel deprecated any imputation of conspiracy against defendants' counsel but said he desired to put in proof under paragraph 14 of the bill reading as follows:

"That it is the purpose of defendant Lillian Kleiner and her husband and agent, defendant Anthony Kleiner, to so worry and vex plaintiff by summary proceedings and other actions as to entirely destroy the value of said lease to plaintiff."

And the court said, "You may call witnesses on that subject."

Plaintiff's counsel then further called and examined plaintiff and defendant Anthony Kleiner as to matters relating to the summary proceedings of like import as before until the court again held that subject of inquiry irrelevant and ruled against continuance of that line of evidence, as authorized by 3 Comp. Laws 1915, § 12493 (*vide,* also, *Atkinson* v. *Akin,* 197 Mich. 289; *Pellston Planing Mill & Lumber Co.* v. *Van Wormer,* 198 Mich. 648; *Grand Rapids Trust Co.* v. *Bellows,* 224 Mich. 504; *Patrons' Mutual Fire Insurance Co.* v. *Perl,* 228 Mich. 493).

Plaintiff's counsel applies under the second proviso of said section for an order that his proposed testimony upon that subject be taken by deposition or under reference and returned to this court. We are of opinion that such testimony as indicated by the record is not material or competent and find no occasion to disturb the final conclusion of the trial court that under his pleading and proofs plaintiff has not presented a case demanding equitable interference. An equitable though not controlling consideration for defendants is the fact that no bond on appeal is shown to have been filed by plaintiff.

While plaintiff's appeal was pending in this court defendants commenced, on April 1, 1926, another summary proceeding against plaintiff for possession of the property. On his application this court issued an order for defendants to show cause why an injunction *pendente lite* should not issue against them, with temporary restraining order, returnable April 27, 1926. The main case was noticed for hearing at the ensuing June term on April 30, 1926, and the motion for injunction *pendente lite* was submitted on briefs May 4, 1926. The record in that motion is composed chiefly of a rehash of the issues and arguments in the

main case.    Decision in that motion was therefore reserved for decision with the hearing of the appeal in the main case at the June term and what has been said in this opinion disposes of it.

The decree of the lower court in this case is affirmed and said motion denied, with costs of this court in both to defendants.

Bird, C. J., and Sharpe, Snow, Fellows, Wiest, Clark, and McDonald, JJ., concurred.