## WEICKGENANT *v.* ECCLES.

1. CONTRACTS—RESTRAINT OF TRADE—CONSIDERATION.

   A written agreement, made after concluding an oral sale of defendant's business and after payment of a part of the purchase price, might contain an additional clause or promise not included in the parol agreement, and prohibiting the defendant from engaging in business within the city, where the sale took place, while complainant should remain in business there; payment of the purchase price was sufficient consideration to support the covenant.

2. SAME—EVIDENCE.

   In a written contract all previous parol contracts relating to the same matter are merged, and they are not admissible in evidence.

3. SAME—ILLEGALITY—PUBLIC POLICY.

  The clause in restraint of trade was neither unreasonable as to
  space or time, and was valid, being within the exception of
  Act No. 329, Pub. Acts 1905 (2 How. Stat. [2d Ed.] § 2942).

4. SAME—INCOMPETENCY—RATIFICATION.

  On the ground of alleged incompetency to contract, proof of
  defendant's nervous and weakened condition was not a suffi-
  cient foundation to invalidate the restrictive covenant in the
  contract, which he had not attempted to repudiate as a whole
  by returning the consideration or by other affirmative action,
  although he had recovered his health and desired to re-en-
  gage in business.

5. SAME—CONSPIRACY.

  Evidence showing that defendent's wife opened a furniture
  business under the name of Eccles Furniture Company, that
  defendant furnished the money and credit to launch it, and
  acted as manager, using his wife's name and the trade name
  to evade the stipulation against competition with complain-
  ant, and that she knew about the agreement, warranted a
  finding of conspiracy between them to violate the terms of
  the covenant and justified a decree against both restraining
  them from violating the contract.

Appeal from Calhoun; North, J. Submitted June 19,
1912. (Docket No. 90.) Decided March 20, 1913.

Bill by Jacob Weickgenant against Charles Eccles and
Lulu J. Eccles, his wife, for an injunction. From a decree
for complainant, defendants appeal. Affirmed.

*James H. Mustard*, for complainant.

*O. S. Clark*, for defendants.

BIRD, J. This is an injunction suit to restrain the de-
fendants from carrying on the business of selling furniture
at retail, in competition with complainant, in the city of
Battle Creek. The trial court granted the relief prayed
for in the bill, and the defendants have appealed.

It is charged in the bill that in October, 1908, the de-
fendant Charles W. Eccles was engaged in the business
of selling at retail, furniture, carpets, curtains, and dra-
peries, and that on the 22d day of October he conveyed

by bill of sale his entire stock of merchandise, together with the good will, fixtures, delivery wagon, horse, and lease of the building in which the business was being carried on, to complainant for a consideration of $7,750. The book accounts were also included in the transfer with a provision that complainant should pay all bills owing by defendant on account of the business. The bill of sale contained the following paragraph with reference to the good will of the business:

"And the said party of the first part for and in consideration of money hereinbefore mentioned received by him further agrees that for the protection of the said Jacob Weickgenant, party of the second part, in carrying on the business of selling furniture and other things connected with said business, and for and in consideration of the good will of said business hereby granted to said party of the second part by said party of the first part, that he will not at any time while said party of the second part is engaged in the furniture business in the city of Battle Creek, or in the business of selling furniture, carpets, draperies or floor coverings, either directly or indirectly engage in said business in the city of Battle Creek."

It is further charged that in January, 1911, and in violation of said agreement, the said Charles W. Eccles opened a retail store in Battle Creek for the sale of the same class of goods as he had theretofore sold to complainant, and that he is selling such goods in competition with complainant under the trade-name of "Eccles Furniture Company;" that, while his wife, Lulu, has filed with the county clerk an affidavit stating that she is the sole owner of said stock of merchandise, the said Charles W. is attending to the business, looking after the advertising, making contracts for the purchase and sale of goods; and that the business has been almost wholly financed by him, and that, in fact, it is his business. It is charged that the said Lulu had knowledge of the contract existing between her husband and complainant, and that she is conspiring with her husband to evade the terms of said contract.

The defendants deny that they are engaged in any con-

spiracy to defraud complainant, and allege that the said Lulu J. is the sole owner of said stock of goods, and that Charles W. is interested only to the extent of assisting her in carrying on her business. They rely upon the following propositions to reverse the decree of the lower court:

"(1) The alleged contract, Exhibit A, was not a part of, nor connected with, the sale of the stock which had occurred three days before, was and is void for want of consideration; any promise or agreement contained therein being a mere gratuity and not enforceable.

"(2) The alleged contract, Exhibit A, especially the clause containing the agreement not to engage in business, is an unreasonable restraint of trade, unconscionable and void.

"(3) At the time of the execution of the alleged contract, Exhibit A, the defendant Charles W. Eccles was of unsound mind, incompetent, and not in a mental condition to enter into a valid and binding agreement.

"(4) The money received from the sale to complainant was turned over by Mr. Eccles to his wife, about one-half of the original investment having been contributed by her for a valuable and sufficient consideration, viz., her agreement and assuming the responsibility of the care and support of the family consisting of the parties, and four small children to be supported and educated. This fund has since been retained and used by her for the purposes named.

"(5) There is no claim on the part of the complainant that Mrs. Eccles was a party or had any knowledge of the alleged contract, Exhibit A; nor does complainant claim to have acquired the right to use the name 'Eccles'; hence she cannot be deprived of the right to conduct business in her own name.

"(6) The defense is not based on any claim of right to set aside the sale of the stock and business, including the assignment of the lease of the building, and the good will (impersonal) connected therewith, as shown by the evidence of the transaction between the parties on the evening of the 19th, when sale was consummated and possession given, and the acts of the parties immediately following the sale."

1. An oral agreement for the sale of the stock was

reached on the evening of October 19th. One hundred dollars earnest money was paid thereon, and complainant went into possession on the morning of the 20th. On the 22d they went to a lawyer and had their agreement reduced to writing, and the balance of the purchase price was then paid. It is now insisted by defendant that the testimony shows that no reference was made to an agreement not to re-engage in business before the oral agreement was reached on the evening of the 19th, and that therefore that part of the written agreement is without consideration and void.

The consideration paid for the goods and business was a sufficient consideration to support this promise of the defendant; and no further nor additional consideration was necessary. *Hubbard* v. *Miller*, 27 Mich. 15 (15 Am. Rep. 153).

As to the point made that the written promise of October 22d, not to re-engage in business, was not a part of the oral agreement made on the 19th, it is only necessary to refer to a general rule laid down in *Street* v. *Dow*, Har. Ch. 427, where it is said:

" It is a general rule that a contract cannot rest partly in writing and partly in parol: but, where a contract is reduced to writing, all previous parol contracts relating to the same matter are merged in the written contract."

We must therefore conclude that the oral agreement of October 19th became merged in the written agreement of October 22d, and that the sole evidence of the agreement of the parties is the written agreement.

2. To the claim that this contract " is an unreasonable restraint of trade, unconscionable, and void," it can be said that similar contracts to the one under consideration have been sustained by this court where they have been reasonably certain and restricted as to time and space. *Hubbard* v. *Miller*, *supra; Beal* v. *Chase*, 31 Mich. 490; *Timmerman* v. *Dever*, 52 Mich. 34 (17 N. W. 230, 50 Am. Rep. 240); *Thompson* v. *Andrus*, 73 Mich. 551 (41 N. W. 683); *Up River Ice Co.* v. *Denler*, 114 Mich.

296 (72 N. W. 157, 68 Am. St. Rep. 480); *Reber* v. *Pearson*, 155 Mich. 593 (119 N. W. 897); *C. H. Barrett Co.* v. *Ainsworth*, 156 Mich. 351 (120 N. W. 797); *Buckhout* v. *Witwer*, 157 Mich. 406 (122 N. W. 184).

The thing complainant shall refrain from doing is definite. As to space, it is reasonably restricted; and, as to time, it is during the period that complainant is engaged in the business in the city of Battle Creek. Contracts similar as to time have been upheld. 9 Cyc. p. 529. *Hubbard* v. *Miller, supra.* We do not think the contract is open to the objections made. It comes clearly within the exception of section 6 of Act No. 329, Pub. Acts 1905. (2 How. Stat. [2d Ed.] § 2942 *et seq.*)

3. For a time before and after the sale was made, the defendant Charles W. was troubled with a nervous disorder; and it is claimed that he was affected to such an extent that he was incapable of making a valid contract. We do think this claim is borne out by the record; but, whatever may be the truth as to his mental condition at the time the contract was made, the record shows that complainant paid all the stock was worth, and no attempt was shown to overreach him in any way. His own testimony since recovery shows that he was and is now satisfied with the sale, and that he has never made any complaint of its unfairness, except that he wanted to go into business again.

4, 5, 6. We think the testimony shows that substantially all the money and credit used to launch the new business belonged to Charles W., and that he is managing and controlling the business as fully as he did before the sale to complainant, and that he is making use of his wife's name and the trade-name of " Eccles Furniture Company " to evade and sail around the stipulation in his contract. The defendant Lulu was not a party to the contract; but we are persuaded that she had knowledge of its existence, and she has assisted her husband in his attempt to evade its terms, with a due appreciation of its force and effect. Under these circumstances, we approve of the con-

clusions reached by the chancellor that the permanent injunction should issue as to her as well as to her husband.

The decree is affirmed. Complainant will recover his costs in both courts.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred.