## WHITE v. WADHAMS.

1. CONTEMPT—EVIDENCE—SUFFICIENCY.

In proceedings charging defendants, a brother and two sisters, with contempt of court and with conspiring to defraud plaintiff out of the amount found to be due him in a partnership accounting case, on deposit in a bank, the conclusion of the court below that defendants were guilty of contempt, *held*, warranted as to the brother and the sister who made her home with him, but not warranted as to the other sister, there being no evidence that she had any notice of the existence of the injunction violated.

2. DAMAGES—COSTS IN FORMER CASE—STATUTES.

Where plaintiff's position in a former proceeding in this case was held untenable by this court (204 Mich. 381) the court below was in error in allowing plaintiff damages therefor under 3 Comp. Laws 1915, § 12288.

3. SAME.

Although a supplemental bill was improvidently filed, leave of this court not having been first obtained, where the court ultimately permitted the filing of the bill, the cost of preparing same, also service of subpoenas and the transcription of testimony was properly allowed.

4. SAME.

Costs allowed to defendants by this court in the former suit could not be recovered by plaintiff in this suit.

5. SAME—LIABILITY OF DEFENDANTS—NOTICE.

Defendants' contention that the two sisters, defendants, should not be held liable for the original balance due on the accounting, *held*, well founded as to the one who had no knowledge of the injunction and received no beneficial use of the fund; but untenable as to the other who had full knowledge of the facts.

6. CONSTITUTIONAL LAW—JAIL SENTENCE.

Defendants being guilty of a gross contempt of court, their contention that the jail sentence provided in the decree in case of default in payment is prohibited by section 20, Art. 2, Constitution of Michigan is not sustained by the authorities.

Appeal from Kent; Brown (William B.), J. Submitted June 9, 1920. (Docket No. 25.) Decided September 30, 1920.

Supplemental bill by Marl S. White against Frederick N. Wadhams and others to enforce a decree entered on a bill for a partnership accounting, and to adjudge defendants in contempt of court. From a decree for plaintiff, defendants appeal. Modified, and affirmed.

*Elvin Swarthout,* for plaintiff.

*Arthur Brown (E. R. Sunderland,* of counsel), for defendants.

This case is now in this court for the third time. On its first two appearances, it will be found reported, 204 Mich. 381, and 206 Mich. 608. After the filing of the later opinion, plaintiff paid the costs as directed and an order was granted *nunc pro tunc* permitting the filing of the supplemental bill. The bill was answered by all the defendants and they were represented by counsel at the hearing in open court thereafter. It will be remembered that the supplemental bill charged the three defendants with having committed contempt of court and with conspiring to defraud plaintiff out of the amount found to be due him in the partnership accounting case. After full hearing upon the merits, the learned circuit judge filed a written opinion and entered a decree, which follows:

"This cause having come on to be heard upon the supplemental bill of complaint herein, filed pursuant to an order of the Supreme Court, and the several answers of the defendants above named; and upon proofs taken in open court; and after hearing Messrs. Swarthout and Master, attorneys for plaintiff, and Mr. Arthur Brown, attorney for the said defendants; and the court being fully advised in the premises, upon consideration thereof, the court doth find:

"I.

"That the said defendant Frederick N. Wadhams, after the injunction issued on the filing of the original bill of complaint had been duly and personally served on him, and while said cause was pending in this court, sold and disposed of certain of the assets of the partnership mentioned in said bill; and also used and applied certain of the moneys and other property of said partnership to his own use; and also contrived to draw from the Hastings City Bank the funds therein deposited in his own name on December 11, 1916, belonging to said partnership—contrary to the terms of said injunction and in disregard thereof, and in contempt of this court and its process.

"II.

"That at the time of the filing of said bill and the service of said injunction, the said deposit in said Hastings City Bank of partnership funds consisted of the sum of $950, and was evidenced by said bank's certificate of deposit, running to the order of said F. N. Wadhams, dated December 18, 1916.

"The court finds that said certificate was not indorsed over by said Frederick N. Wadhams to his sister, Ida E. Wadhams, for value, a day or two prior to the service of the injunction, as they claim. Ida E. Wadhams had made her home with her said brother, Frederick N. Wadhams, ever since their mother died; she was his housekeeper long before the said partnership was formed, and was such during the period of said partnership, and so continued down to the date of the hearing on this supplemental bill. During these many years they lived along together, except that the Whites lived in the same house with them on the farm for a few months during the summer the partnership was in operation. Ida E. Wadhams was entirely familiar with the negotiations leading up to the partnership, she lived in and through it at the farm and knew all about the difficulties which had arisen between Wadhams and White and that caused the sales of the partnership assets, and the breaking up of the partnership. That said Ida E. Wadhams knew that said certificate represented the avails of the said partnership; and that there was trouble between her brother and plaintiff over its division; and that plaintiff had an interest in it, the same being the balance

due him as his part in said partnership after payment of the debts; and that she knew of the filing of the said bill of complaint and the issuance of the injunction to and the service of it on Frederick N. Wadhams herein, and the purport of these proceedings. That she and her brother kept said certificate in their home from the date of the service of said injunction, December 23, 1916, for nearly a year, while this suit was waiting its course on the calendar, and that during all of that time it was subject to the control of said Frederick N. Wadhams, and that they did not dispose of it in any way until December 3, 1917, the very day on which said hearing was begun on the original bill, when she cashed it at the State and German-American Savings Bank of Ann Arbor, and directed that $700 of the fund be placed in that bank's certificate of deposit, running to the order of said defendant Clara E. Straith. Clara E. Straith is the sister of said Frederick N. Wadhams and Ida E. Wadhams. They were not owing her. She took the new certificate without parting with or paying any consideration for it. This was enough to put her on her guard, especially since she knew they had no great amount of money. At said Ida E. Wadhams' request said Clara E. Straith, four days later, indorsed said $700 certificate and turned it over to her son, said defendant Fred W. Straith, who, at the request of said Ida E. Wadhams, indorsed and cashed it at a bank at Ypsilanti (he having paid no consideration for it), and turned the avails over to said Ida E. Wadhams. That the entire of said fund of $950 was used up by said Frederick N. Wadhams and Ida E. Wadhams in paying the household and family expenses of said Frederick N. Wadhams. Frederick N. Wadhams and Ida E. Wadhams retained possession of this certificate (which drew only 2%), for a year, hoping and expecting that this suit would not be brought to a hearing, but when they found it was going to a decision, they suddenly cashed it and disposed of the fund without banking it.

"III.

"That said Clara E. Straith knew that the fund represented by said certificate was a trust fund of, and property belonging to said partnership; and also that said Frederick N. Wadhams was in attendance at this court at the hearing of this cause at the time Ida E.

Wadhams cashed said certificate at the Ann Arbor bank; and that this case was still undisposed of; and the court finds that all of the defendants to the supplemental bill were in collusion in this matter with the purpose of defrauding plaintiff out of his interest in the partnership fund, and knew it was a partnership fund.

"IV.

"That the transfer of the certificate of deposit from said Frederick N. Wadhams to his sister, Ida E. Wadhams, was not a transfer thereof in due course and for value; that she was never a good-faith holder thereof; that she knowingly took it for the purpose of helping her brother prevent White from getting his share of the partnership fund out of it; and that the transfer of it to her only made her his agent, and she received and handled it thereafter as his agent, and not as the owner.

"V.

"That said Clara E. Straith and Fred W. Straith never had any pecuniary interest in any of said $950 fund; nor in said $700 certificate issued in her name; that neither of them was a good-faith holder of said $700 certificate or the fund represented by it; that they handled it for the purpose of assisting said Frederick N. Wadhams in holding the entire amount thereof and to prevent plaintiff from getting his share of said partnership fund out of it; and that they held, handled and cashed it, and disposed of its avails only as said Frederick N. Wadhams' agents, and not as owners.    That the whole transaction was a family machination for the advantage of Fred N. Wadhams and to prevent White from getting his interest out of the fund, and the fraud thereof and the violation of said injunction thereby were fully understood by and between them.

"VI.

"That the injunction was directed at a specific trust fund; that said $950 deposit was the subject of the instant litigation and known by all these defendants to be such and to be the avails and the only remaining avails of said partnership, and a trust fund; and that the cashing of said $950 certificate at Ann Arbor on the very day of the hearing was begun herein in Grand

Rapids on the original bill, and the cashing of said $700 certificate during the same week and before said hearing was concluded, and the subsequent spending of said fund for the personal expenses and obligations of said Frederick N. Wadhams, was a disposition, dissipation and destruction of the subject matter of this suit pending the proceedings, with intent to withdraw it from the jurisdiction of the court, and thus to render futile any order or decree herein concerning it, and was and is a contempt of this court in violation of said injunction; and was in disrespect of the court and its proceeds [process], and tended to obstruct the administration of justice, and to bring this court into disrepute, and to render any decree by this court in the premises uncollectible, since all of said defendants were and are financially irresponsible and all knew that said Frederick N. Wadhams and the other defendants were financially irresponsible. That because of the foregoing plaintiff's rights have been impaired, impeded and prejudiced and he has suffered loss and injury by such misconduct.

## "VII.

"That the actions and doings of said defendants in the premises have caused the plaintiff much additional and unnecessary expense in his attempts to collect his share of said partnership trust fund. That he has been forced to expend in cash and has incurred obligations for counsel fees and other expenses directly due to the said machinations of the defendants and their acts and conduct in the premises, and not due to plaintiff's fault, amounting to the sum of $300, which sum the court finds to be the actual loss and injury suffered by the plaintiff; and that sum the court orders and directs the said defendants to pay to plaintiff to indemnify him for such loss and damage pursuant to section 12288, 3 Comp. Laws 1915. This sum is hereby decreed to be paid plaintiff forthwith, in addition to the amount of the original decree herein, to-wit, $567.24, and the interest allowed by said decree, to-wit, $48.76; and the costs taxed against defendant Frederick N. Wadhams on the original decree, to-wit, $43, together with an attorney fee on this instant proceeding of $30, making a total of $989 due on this decree; no other costs, up to this point, to be taxed.

"Decree.

"It is therefore ordered, adjudged and decreed that there is due from the defendants to the plaintiff the said sum of $989.

"And it is further ordered, adjudged and decreed that the said defendants pay to the plaintiff, or to his attorneys, within 30 days of the service of a certified copy of this decree on them or any of them so served, the said sum of nine hundred and eighty-nine dollars ($989), and that in case of default in such payment that body execution or other proper process issue against said defendants Frederick N. Wadhams, Ida E. Wadhams and Clara E. Straith, and that they or any of them so served be committed to the common jail of the county of Kent, until such payment is made, together with the costs and expenses of such commitment; or until the further order of the court."

BROOKE, J. (*after stating the facts*). 1. It is first urged on behalf of the defendants that the decree is erroneous in holding these defendants guilty of contempt. After a careful reading of the record, we are satisfied that the conclusion reached by the trial judge as to the defendants Frederick N. Wadhams and Ida E. Wadhams, his sister, is fully warranted. Both of these defendants knew that the fund deposited in the Hastings City Bank, which was represented by the certificate of deposit for $950, constituted the partnership assets in which plaintiff was interested with the defendant Frederick N. Wadhams.

It is strenuously insisted on behalf of defendant Frederick N. Wadhams that he should not be held guilty of contempt because the testimony tends to show (contrary to the finding of the trial court) that the certificate of deposit, which was taken in his individual name, was by him transferred to his sister, defendant Ida, some few days prior to the service of the injunction and that the injunction therefore could not enjoin him from doing what he had already done, in transferring the partnership assets to his sister.

As to the defendant Ida E. Wadhams, it is claimed that she got possession of the certificate through a *bona fide* purchase from her brother prior to the service of the injunction, and, therefore, that she could not thereafter be charged with breach of the injunction in converting the same to her own use. This, we think, is a view of the situation entirely too narrow. At the time of the service of the injunction upon the bank and upon the defendant Frederick N. Wadhams the money was in the bank and the bank's indebtedness on the deposit was represented by the certificate. Personal service of the injunction was made upon defendant Frederick N. and defendant Ida knew of such service and undoubtedly knew that the injunction was directed to the conservation of this specific fund. Defendant Frederick testified as follows:

"*Q.* And she, of course, knew that this suit had been started?

"*A.* Yes.

"*Q.* Knew that we had got out an injunction, served it on you?

"*A.* Yes, sir.

"*Q.* She was there when the injunction was served, wasn't she?

"*A.* I think so.

"*Q.* You read it over to her, didn't you?

"*A.* No, sir.

"*Q.* Did she read it?

"*A.* No, I think not.

"*Q.* But she knew that an injunction had been served on you?

"*A.* I think she did.

"*Q.* And that it related to this money that you deposited in the Hastings City Bank, didn't she?

"*A.* The injunction?

"*Q.* Yes, of course.

"*A.* Yes; I think so.

"*Q.* She took it and had it after she knew that this injunction applied to that property?

"*A.* Yes, sir."

It is, we think, quite clear that these two defendants, brother and sister, deliberately violated the spirit and letter of the injunction and, in so doing, were guilty of a flagrant contempt of court.

As to the defendant Clara E. Straith a different situation is presented. When the $950 certificate of deposit was cashed by Ida E. Wadhams, she requested a new certificate of deposit for $700, to be made out in the name of her sister, Clara. This was done and Clara retained possession of it for a few days, when she indorsed it, caused it to be cashed, and the cash turned over to defendant Ida. The record is barren of testimony tending to show that Clara even knew of the existence of the injunction, and at all events, there is no claim that she ever received the beneficial use of a penny of the fund. She was its custodian for but a few days, when it found its way back into the hands of defendant Ida. Under these circumstances, we think the court was in error in holding Clara to be guilty of a contempt respecting the order of which she is not shown to have had any knowledge.

2. It is next claimed that that portion of the decree awarding to plaintiff the sum of $300 "under 3 Comp. Laws 1915, § 12288, which sum the court finds to be the actual loss and injury suffered by the plaintiff" is erroneous. The testimony upon which the court made this award is that of Mr. Swarthout, plaintiff's attorney, and is made up of several items. The first is the sum of $480 for services in prosecuting the claim originally and in an effort to prevent the State Savings Bank from collecting upon the certificate of deposit, which it bought from Ida E. Wadhams. The position of the plaintiff in that controversy was held by this court to be untenable (204 Mich. 381), and we can see no propriety in compelling defendants to pay plaintiff's attorney compensation for his misdirected efforts.

The next item is $165 for 11 days' labor in the preparation of the supplemental bill. It is urged by counsel for defendant that this sum likewise should be denied plaintiff because the Supreme Court held (in 206 Michigan) that the amended bill was improvidently filed, leave of this court not having been first obtained. Inasmuch, however, as this court ultimately permitted the filing of the bill, we are of the opinion that this sum may properly be allowed.

For service of subpoenas on the supplemental bill and the transcription of certain testimony, $9.70. This, it seems to us, is a proper expense.

For costs taxed against plaintiff in the Supreme Court, $108.55, and in the circuit court, $41.50. These costs were allowed to defendants by this court and clearly should not now be repaid to plaintiff by defendants.

The allowance under this head by the circuit judge is reduced from $300 to $174.70.

3. It is said that defendants Clara E. Straith and Ida E. Wadhams should not be held liable for the original balance due on the accounting. As to defendant Clara E. Straith, we believe this claim is well founded, because, as heretofore pointed out, she received the beneficial use of no part of the fund and is not shown to have had any knowledge of the injunction. The contrary is true of defendant Ida E. Wadhams. She had full knowledge of the injunction and its purport and nearly a year after its service, cashed the certificate of deposit representing the trust fund and converted the money to the use of herself and defendant Frederick N. Wadhams.

4. It is urged that the jail sentence provided in the decree is erroneous and is prohibited by the Constitution, article 2, § 20. The cases of *City of Eaton Rapids* v. *Horner*, 126 Mich. 52, and *Mast* v. *Washtenaw Circuit Judge*, 154 Mich. 485, are cited and relied upon

in this connection. We are of the opinion that the case at bar is controlled by *Chapel* v. *Hull,* 60 Mich. 167, and *Carnahan* v. *Carnahan,* 143 Mich. 390 (8 Ann. Cas. 53). Here, as there, the injunction was directed at a specific fund, the partnership funds then on deposit in the Hastings City Bank. The defendants, in flagrant disobedience of the injunction, converted this specific fund to their use and, under the authorities cited, are guilty of a gross contempt.

As modified by this opinion, the decree of the lower court will be affirmed against the defendants Frederick N. Wadhams and Ida E. Wadhams, with costs. The bill will be dismissed as to defendant Clara E. Straith and she will recover her costs against the plaintiff.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD and SHARPE, JJ., concurred.