COLTON *v.* DUVALL.

1. CONTRACTS—CONSTRUCTION—SALE OF GOOD WILL.
> Contract for sale of truck, business, and good will is construed most strongly against seller, who prepared and delivered it to purchaser.

2. SAME—GOOD WILL DEFINED.
> Good will is based upon prospective profits to result from voluntarily continued patronage of public, and indicates that value which inheres in the fixed and favorable consideration of customers arising from an established and well-conducted business.

Sale of business and *good will* as a limitation upon the right of vendor to engage in competing business, see annotation in 19 L. R. A. (N. S.) 762.

3. SAME—GOOD WILL—CONSIDERATION.
   Consideration paid for truck and business is sufficient to support sale and transfer of good will.

4. SAME—RESTRAINT OF TRADE—PUBLIC POLICY.
   Public policy requires that, when a man has created a business which he wants to sell, he should have the right to sell it in the most advantageous way, and to preclude himself from re-engaging in business directly competitive with that sold.

5. SAME—EQUITY—CONTRACT NOT TO RE-ENGAGE IN BUSINESS ENFORCEABLE.
   Contract in connection with sale of business and good will not to re-engage in business directly competitive with that sold is valid and enforceable in equity, where the restraint is only partial and is limited to particular place.

6. SAME—SELLER MAY NOT DESTROY THING SOLD.
   One who sells business and good will may not derogate from his own assignment, nor is he at liberty to destroy what he transferred, or depreciate what he sold.

7. SAME—IMPLIED COVENANT NOT TO SOLICIT BUSINESS SOLD.
   There is an implied covenant on the sale of the good will of the business that the seller will not solicit the custom which is paid for and parted with.

8. SAME—INJUNCTION—RESTRAINT OF TRADE.
   Purchaser of good will of business is entitled to injunction restraining seller from re-engaging in same business in same locality.

Appeal from Monroe; Root (Jesse H.), J. Submitted April 8, 1931. (Docket No. 18, Calendar No. 35,493.) Decided June 1, 1931.

Bill by Kenneth Colton against Ernest J. Duvall to restrain violation of a contract not to re-engage in local freight hauling in same locality. Bill dismissed. Plaintiff appeals. Reversed.

*Clayton C. Golden* and *James J. Kelley,* for plaintiff.

*Golden, Nadeau & Fallon,* for defendant.

POTTER, J. Plaintiff filed a bill of complaint against defendant for an injunction to restrain him from engaging or continuing in the business of local freight handling in the city of Monroe, and for other relief. From a decree for defendant, plaintiff appeals. Defendant was the owner of a motor truck engaged in the local freight-handling business in Monroe. He sold plaintiff his truck, business, and good will, and made and delivered to him a list of his local customers, below the list of which he wrote over his own signature, "I have sold my business to Kenneth Colton and my good will." Plaintiff testifies, and it is' not disputed, the defendant told him he would not re-engage in the local freight-handling business. This was one of the inducements which led him to purchase.

In pursuance of the sale of the truck and business, defendant told various customers he had gone out of business, and plaintiff notified the rest. Defendant engaged for a short time in long-distance freight handling by motor truck, then returned to Monroe and engaged in local freight-handling business in competition with plaintiff, soliciting customers whose names were on the list delivered by him to plaintiff when he sold the truck, business, and good will.

The written statement delivered by defendant to plaintiff indicates a sale of the business and good will. It was prepared by defendant and delivered by him to plaintiff and will be most strongly construed against defendant. *Waites* v. *Miller,* 244 Mich. 267; *Saxon* v. *Howey,* 247 Mich. 508; *Patterson* v. *Miller,* 249 Mich. 89.

Defendant sold the good will of the business—those intangible advantages or incidents which are impersonal and attached to the thing conveyed

(*Williams* v. *Farrand,* 88 Mich. 473 [14 L. R. A. 161]); the favor which the management of the business had won from the public and the probability the old customers would continue their patronage in the future (*Chittenden* v. *Witbeck,* 50 Mich. 401). Good will is based upon the prospective profits to result from voluntarily continued patronage of the public. It indicates that value which inheres in the fixed and favorable consideration of customers arising from an established and well-conducted business. *Mills* v. *Rich,* 249 Mich. 489.

The consideration paid for the truck, the business, and good will was sufficient. No further consideration was necessary to support the sale and transfer of good will. *Weickgenant* v. *Eccles,* 173 Mich. 695; *Weiss* v. *Stein,* 187 Mich. 369. Though it is sometimes said contracts in restraint of trade are void as against public policy (*Hubbard* v. *Miller,* 27 Mich. 15 [15 Am. Rep. 153]), public policy requires when a man has created a business which he wants to sell he should have the right to sell it in the most advantageous way and to preclude himself from reengaging in business directly competitive with that sold. *Hubbard* v. *Miller, supra; Leather Cloth Co.* v. *Lorsont,* L. R. 9 Eq. 345, 353; *Up River Ice Co.* v. *Denler,* 114 Mich. 296 (68 Am. St. Rep. 480). The contract pleaded and proven was valid and enforceable. *Doty* v. *Martin,* 32 Mich. 462; *Beal* v. *Chase,* 31 Mich. 490. The rule is that contracts of this nature will be enforced in equity where the restraint is only partial and is limited to a particular place (*Hubbard* v. *Miller, supra; Up River Ice Co.* v. *Denler, supra;* 2 High on Injunctions [4th Ed.], § 1167); and the defendant enjoined from a violation of the contract (*Timmerman* v. *Dever,* 52 Mich.

34 [50 Am. Rep. 240]; *Reber* v. *Pearson,* 155 Mich. 593; *C. H. Barrett Co.* v. *Ainsworth,* 156 Mich. 351).

Defendant will not be permitted to derogate from his own assignment. He is not at liberty to destroy what he transferred or depreciate what he sold. There was an implied covenant on the sale of the good will of the business by defendant that he would not solicit the custom which was paid for and parted with. It was a fraud to sell that which he did not mean the purchaser to have; to pocket the paid price and attempt to recapture the thing sold; or to solicit or attempt to decoy it away from plaintiff, or call it back to himself before plaintiff had time to attract it to himself and make it his own. Defendant cannot impair the value of what he sold or sell the business and its good will, take the price paid, and keep or retake the thing sold. These principles are elementary and have been repeatedly stated by the English and American courts. *Labouchere* v. *Dawson,* L. R. 13 Eq. 322; *Trego* v. *Hunt,* L. R. 21 App. Cas. 7; *Suburban Ice Manfg. & Cold Storage Co.* v. *Mulvihill,* 21 Ohio App. 438 (153 N. E. 204); *Grow* v. *Seligman,* 47 Mich. 607 (41 Am. Rep. 737).

Defendant's conduct violates the contract, deprives plaintiff of the good will which he bought and paid for, and should be enjoined. *Thompson* v. *Andrus,* 73 Mich. 551. The decree of the trial court is reversed, with costs, and decree will be entered for plaintiff.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.