SLOAN *v.* CHARLEVOIX STATE SAVINGS BANK.

1. ACTION—MORAL OBLIGATION AFFORDS NO REMEDY AT LAW.
   Moral obligation alone affords no remedy at law.

2. CONTRACTS—BREACH OF COVENANT—MORAL OBLIGATION.
   Where bank sold insurance business because it was *ultra vires* for it to conduct it, and agreed to give moral support to continuance of said business, it was not actionable breach of said contract for bank's officers to engage in competing business.

3. SAME—COVENANT NOT TO RE-ENGAGE IN BUSINESS—BANKS AND BANKING.
   Sale of insurance business by bank and agreement not to re-engage in said business, without restraint upon and agreement thereto by its officers, did not preclude officers from conducting competing business.

Appeal from Charlevoix; Gilbert (Parm C.), J. Submitted June 17, 1932. (Docket No. 71, Calendar No. 36,151.) Decided October 3, 1932.

Assumpsit by Isabelle M. Sloan, doing business as Charlevoix Insurance Agency, as assignee, against Charlevoix State Savings Bank and others for breach of a contract not to re-engage in insurance business. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*J. M. Harris (Howard L. Campbell,* of counsel), for plaintiff.

*Lisle Shanahan (Walter M. Nelson,* of counsel), for defendants.

WIEST, J. This is an action at law to recover damages, alleged to have been occasioned plaintiff

On moral obligation as consideration for an express promise, see annotation in 53 L. R. A. 353; 26 L. R. A. (N. S.) 520; 17 A. L. R. 1302; 25 A. L. R. 635.

by defendants engaging in a competing business contrary to contract. Plaintiff appeals from a directed verdict and judgment for defendants.

The Charlevoix Abstract & Engineering Company was a corporation, and, among its activities, it carried on the business of an insurance agency. November 10, 1921, it purchased from the Charlevoix State Savings Bank and Archie L. Livingston, agent and cashier, the good will and support of the agency owned by the bank, together with all records and business which was acquired from the Myrtie Young & Son agency, and the vendors agreed to give moral support to the continuance of the business.

October 6, 1921, the Charlevoix State Savings Bank, by bill of sale, acquired "All the good will and expirations of all the insurance companies represented by the Myrtie Young & Son, Inc." inclusive of an agreement by the vendors "to refrain from engaging in the insurance business in Charlevoix county for the period of 10 years from date of sale."

April 23, 1928, the Charlevoix Abstract & Engineering Company sold and assigned to plaintiff the insurance business purchased by it from the Charlevoix State Savings Bank and Archie L. Livingston, together with the good will acquired from the Charlevoix State Savings Bank and Archie L. Livingston, as transferred to it by bill of sale dated November 10, 1921. The writing further stated:

"And also, we further sell, assign and transfer to the said Isabelle M. Sloan for said consideration any claims or right of action at law or in chancery that may now exist in our favor for any defeasance or default or failure to perform the said agreement contained in said bill of sale and sold and conveyed to us by the said Charlevoix State Savings Bank and Archie L. Livingston by said bill of sale."

In the first count of the declaration plaintiff averred breach of the contract by defendants and assignment of right of action to her. The second count averred a consummated conspiracy by all of defendants to divert insurance business contrary to the contract. The third count was for money had and received.

By answer defendant bank set up that it was *ultra vires* for the bank to operate an insurance agency, and it only did so from October 6, 1921, when it acquired the Young agency, to November 10, 1921, when the bank sold the agency to the abstract company and that such sale was not a restraint upon individual officers or stockholders of the bank; that the restraint, in any event, not being limited as to time, became null and void after a period of three years.

Defendant Gerald W. Richardson, by answer, admitted that he had established an insurance agency, and, at his request, solicitors' licenses had been issued to Walter S. Richardson and Archie L. Livingston, as his agents. At the time of the sale by the bank to plaintiff's assignor, Gerald W. Richardson was a minor and not an officer of the bank, and since reaching full age he has not ratified the contract made by the bank. The answer also denied the charge of conspiracy.

The circuit judge was of the opinion that the contract between the bank and the abstract company did not restrain the bank officers or stockholders from operating an insurance agency.

Walter S. Richardson, as president and manager of the bank, negotiated the contract with the abstract company. The bank sold the insurance agency because it was *ultra vires* for the bank to engage

in such activity, and it did not re-engage in such business.

But plaintiff claims that officers of the bank are engaged in such business and are bound by the covenants of the bank, express or implied, in the sale by the bank to the abstract company. Reliance is also placed upon the covenant of the bank to accord the continuation of the business its moral support.

We will first consider the last point. Concede that the bank did not accord the business its moral support by reason of its officers being engaged in like business, can such breach be construed as in violation of contract duty? It was an unfortunate phrase to employ, for a moral obligation alone affords no remedy at law. In order to find an actionable breach of the contract in this respect we must first find a legal obligation. To warrant recovery of damages, under this theory, we would have to construe the promise of the vendors to accord continuance of the business their moral support a contract on the part of the bank and all of its officers to forever refrain from again engaging in a like business. To so hold would remake the contract and turn moral support, which might be no more than friendliness, into a legal obligation to refrain from like or similar business. The defendant bank is a legal entity. As such, when it sold the insurance agency to the abstract company, it was estopped from destroying what it transferred or depreciating what it sold. *Colton* v. *Duvall*, 254 Mich. 346. But the bank, as a legal entity, has not been guilty of violation of the covenant for it has not re-engaged in the insurance agency business.

This brings us to the question of whether the covenant of the bank restrained the bank officers from operating an insurance agency. Officers of the

bank are, conducting or interested in a competing business. Sale of the business and good will by the bank, without restraint upon and agreed to by the officers thereof, did not preclude the officers from starting and conducting a competing business. *Hall Manfg. Co.* v. *Western Steel & Iron Works*, 142 C. C. A. 220 (227 Fed. 588, L. R. A. 1916C, 620).

Plaintiff made no case of breach of contract and established no conspiracy to evade the contract restraint. This renders it unnecessary to consider other questions presented by defendants.

The judgment is affirmed, with costs to defendants.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.