GETTER v. LEVINE.

1. INJUNCTION—THREATENED INJURY.
    A bill for injunctive relief may be brought when an injury is threatened.

2. SAME—PLEADING—PRAYER.
    A prayer for injunctive relief against a defendant must be ignored where there is no allegation of a threatened invasion of plaintiff's rights supporting such prayer.

3. CONTRACTS—BILL OF SALE—ORAL AGREEMENTS—RE-ENGAGING IN BUSINESS—EVIDENCE.
    Oral agreement not to re-engage in business in direct competition with buyer within a distance of one mile from buyer's place of business for a period of five years, alleged to have been made by seller of partnership interest to other partner when written bill of sale of business and good will of partnership interest was executed, which oral agreement was denied by seller, cannot be admitted to vary the terms of the written instrument.

4. SAME—IMPLIED COVENANT NOT TO SOLICIT BUSINESS SOLD.
    Under a written bill of sale of business and good will of partnership interest and good will the buyer's relief against seller's competition is limited to implied covenants not to solicit the custom paid for and parted with.

5. SAME—ORAL AGREEMENTS—ENFORCEABILITY.
    Oral agreement not to re-engage in business similar to one sold under written agreement transferring assets and good will but not mentioning agreement of vendor not to re-engage in business is not enforceable.

6. GOOD WILL—RE-ENGAGING IN BUSINESS.
    The purchase of the good will of a business does not carry an engagement by the seller to refrain from like business, or prevent him from re-engaging therein.

7. Same—Engaging in Similar Business.

The vendor of a business and its good will is not precluded from engaging in a similar business in the vicinity provided he does not interfere with the purchaser's enjoyment of the premises sold.

8. Same—Establishment of Identical Business—Old Customers.

The vendor of a business and its good will is not entitled to solicit the trade of customers of the business sold or to set up the identical business or represent the new business as a continuation of the old but he may deal with old customers coming to him of their own motion.

9. Same—Establishment of Competing Business.

The mere establishment of a competing business is not of itself a violation of any covenant implied in a sale of good will.

10. Appeal and Error—Statements and Insinuations of Prejudice, Spite and Improper Conduct of Trial Judge—Brief.

Statements and insinuations of prejudice, spite and improper conduct on the part of the trial judge at hearing on motion to dismiss bill where no testimony was taken and which seem to have no proper place in plaintiff-appellant's brief on appeal are ordered stricken from the brief.

Appeal from Wayne; Murphy (George B.), J. Submitted April 11, 1946. (Docket No. 94, Calendar No. 43,391.) Decided September 11, 1946.

Bill by Harry Getter against Jacob Levine for an injunction restraining defendant from entering a competing business and using a certain name. Decree for defendant. Plaintiff appeals. Affirmed.

*Casper C. Cutler,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye (Waldo C. Granse,* of counsel), for defendant.

Reid, J. The bill of complaint in this case was filed to obtain an injunction restraining defendant from entering into and establishing a fruit, vegetable

and grocery business in competition with plaintiff. The bill was dismissed on motion without the taking of testimony. Plaintiff appeals.

For about 17 years the parties to this case were partners in the retail fruit, vegetable and grocery business, and for many years before February 5, 1944, their place of business was located on Michigan avenue near Telegraph road in Dearborn. On February 5, 1944, plaintiff purchased defendant's interest in the business for $56,000. An agreement of sale in writing, witnessed by Casper C. Cutler, who is attorney for plaintiff, was executed, and an agreement terminating the partnership was also executed on February 10, ·1944. Good will was included in the written bill of sale. Plaintiff claims that in addition to the written documents, defendant orally agreed not to engage in direct competition with plaintiff within a distance of one mile from plaintiff's place of business, for a period of five years. The oral agreement is denied by defendant, and nothing to that effect is contained in either of the written documents.

The bill of complaint further alleges:

"10. That during the past week plaintiff was informed by reliable sources that the defendant herein contemplated opening a retail fruit, grocery, and vegetable market within 3 blocks from plaintiff's business in direct competition with the business previously operated and sold to plaintiff in spite of the defendant's promise when accepting said $56,000 not to re-engage in the same business in the general location as above stated.

"11. That plaintiff has noticed that the land within a few blocks of his business is being surveyed, and he was told by people whom he believes, that the defendant is contemplating within the very near future erecting and constructing a building to house

a retail grocery, fruit, and vegetable business in direct competition with plaintiff and in violation of his promise to plaintiff when he sold his interest in the business and 'good will' of the said business now owned by said plaintiff."

The bill of complaint does not allege that defendant intends or threatens to solicit the customers of the terminated partnership or that defendant intends or threatens to use any assumed name resembling or similar to the name of the terminated partnership, but plaintiff in his prayer asks for an injunction against defendant's use of the name "Michigan Telegraph Fruit and Vegetable Market," which is somewhat similar to the name by which the bill of sale alludes to the business of the terminated partnership, which is "Michigan Telegraph Fruit Market." As before noted, plaintiff does not allege that defendant intends or threatens to use either of such two names. Defendant expressly denies any such intent but claims he intends to use the name "Aviation Super Market." The prayer without any allegation to support it must be ignored. "A bill for injunctive relief may be brought when an injury is threatened." *Wolgamood* v. *Village of Constantine*, 292 Mich. 222, 227. But the threatened invasion of plaintiff's rights must be alleged.

Plaintiff cites and relies upon *Colton* v. *Duvall*, 254 Mich. 346. In that case defendant owned a truck and was engaged in local freight handling business in Monroe, Michigan. Defendant sold the truck, business, and good will to plaintiff, and delivered plaintiff a list of customers, below which list defendant wrote over his own signature the words, "I have sold my business to Kenneth Colton and my good will." Plaintiff's undisputed testimony was that defendant agreed not to re-engage in local freight handling business. In that case we say at p. 350:

"There was an implied covenant on the sale of the good will of the business by defendant that he would not solicit the custom which was paid for and parted with. It was a fraud to sell that which he did not mean the purchaser to have; to pocket the paid price and attempt to recapture the thing sold; or to solicit or attempt to decoy it away from plaintiff."

We must take note of the fact that the agreement in that case was not disputed and that there was no written agreement that even purported to cover the entire agreement of sale. In the instant case very obviously we must disregard the claimed oral agreement, which cannot be admitted to vary the terms of a written instrument. See *Rose* v. *Waddell,* 230 Mich. 161; *Danto* v. *Charles C. Robbins, Inc.,* 250 Mich. 419; *Tufford* v. *Gordon,* 217 Mich. 658. The principle is too well founded to require a complete list of authorities.

In the instant case, plaintiff therefore has nothing but the implied covenants such as are described above in *Colton* v. *Duvall, supra,* as any valid ground for relief against defendant's competition.

"Oral agreement not to re-engage in business similar to one sold under written agreement transferring assets and good will but not mentioning agreement of vendor not to re-engage in business is not enforceable." *Danto* v. *Charles C. Robbins, Inc., supra,* from the syllabus at p. 420.

"The purchase of the good will of the business did not carry an engagement by defendant Lucene Sturgis to refrain from like business, or prevent him from doing so." *Farmers' Co-Operative Elevator of Fowler* v. *Sturgis & Sons,* 226 Mich. 437, 443.

"While there is some authority apparently to the contrary, it is generally held that, in the absence of agreement as to the right to compete, the vendor of a business and its good will is not precluded from

engaging in a similar business in the vicinity provided he does not interfere with the purchaser's enjoyment of the premises sold." 38 C. J. S. p. 957.

"In most jurisdictions the vendor of a business and its good will is not entitled to solicit the trade of customers of the business sold or to set up the identical business or represent the new business as a continuation of the old, but he may deal with old customers coming to him of their own motion." 38 C. J. S. p. 958.

The mere establishment of a competing business is not of itself a violation of any covenant implied in a sale of good will.

The allegations in plaintiff's bill of complaint do not show him entitled to the relief he seeks.

Plaintiff's brief contains statements and insinuations of prejudice, spite, and improper conduct on the part of the trial judge, which seem to us to have no proper place in the brief, and the same are stricken from the brief.

The order dismissing the bill of complaint is affirmed. Costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.