HOPKINS *v.* CRANTZ.

1. PLEADING—CONCLUSIONS UNSUPPORTED BY ALLEGATIONS OF FACT.
   Allegation of a conclusion in pleadings, without any facts being stated in its support, will be disregarded.

2. INJUNCTION—TEMPORARY INJUNCTION—RES JUDICATA.
   Decision on a motion for a temporary injunction is not *res judicata* as to action which may be taken on a final decree.

3. MONOPOLIES—COVENANT NOT TO COMPETE—FURTHERANCE OF VENDEE'S BUSINESS.
   A covenant not to compete is permitted when its object is to protect a vendee in the furtherance of his business (CL 1948, § 445.766).

4. SAME—COVENANT NOT TO COMPETE—LIMITATION ON AREA BY DECREE.
   Decree limiting area in which defendant who sold his stock in corporation to plaintiff and covenanted not to engage in same business for period of 10 years to county in which corporation had its office from which it conducted business of surfacing buildings with simulated brick *held*, seemingly reasonable under record presented, notwithstanding covenant failed to specify any limitation as to area (CL 1948, § 445.766).

5. SAME—REASONABLE RESTRICTION ON AREA.
   An equity court has authority to limit the area of restriction under a covenant not to compete to make the area of restriction a reasonable one according to the facts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 16.
[2] 30 Am Jur, Judgments § 197.
[3] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade § 58 *et seq.*
[3–6] Territorial scope permissible in covenants ancillary to sale of business or corporate stock against engaging in similar business. 78 ALR 1038.
[4–6] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade § 68.

6. SAME—MODIFICATION OF DECREE AS TO AREA—EVIDENCE.

Trial court's decree, entered on the pleadings in suit to enforce covenant not to engage in competing business with that purchased by plaintiff by which area of noncompetition was restricted to county in which plaintiff's business was conducted without testimony having been taken, is affirmed subject to right to hearing on motion therefor with right to take testimony as to whether the territory should be enlarged or restricted and to modification of decree accordingly.

Appeal from Wayne; Brennan (John V.), J. Submitted June 3, 1952. (Docket No. 7, Calendar No. 45,309.) Decided September 3, 1952.

Bill by James F. Hopkins against Theodore I. Crantz to restrain him from entering into a business in competition with that of corporation of which plaintiff had purchased defendant's interest. Decree for plaintiff as to Wayne county. Defendant appeals. Affirmed conditionally.

*Cohen & Koney,* for plaintiff.

*Harry Cohen* (*Harry M. Nayer,* of counsel), for defendant.

BUTZEL, J. Plaintiff James F. Hopkins and defendant Theodore I. Crantz each owned 48½% of all of the common stock of West Detroit Brickote, Inc., a Michigan corporation, engaged in the business of surfacing buildings with simulated brick. Crantz because of illness and inability to work desired to sell his stock, consisting of 122 shares of the par value of $12,200, to Hopkins for $10,700. A written agreement to that effect was entered into. In the preamble it was stated that one of the considerations of the purchase by plaintiff was that defendant would refrain from re-entering the business in any way as provided in a covenant in the body of the contract.

The covenant read:

"As a further consideration for this agreement Crantz agrees that he will not enter into the business or the type of business heretofore conducted by the West Detroit Brickote Company, or any similar brick siding business for a period of 10 years, in any capacity whatsoever, either as an owner or employee, unless it is for some company, copartnership, or individual holding a franchise from Brickote, Inc., a Michigan corporation."

Other provisions of the contract are not material to the issue.

Plaintiff in a bill of complaint, alleging that defendant had breached the quoted covenant, sought injunctive relief, both temporary and permanent, against further violations. Defendant in answer did not deny the agreement or that he breached it but alleged that the covenant is "contrary to public policy and constitutes a restraint of trade," giving no reason for such conclusion. Such an allegation in the pleadings, without any facts being stated in its support, will be disregarded. See *Dodge* v. *Detroit Trust Co.,* 300 Mich 575.

A circuit judge, shortly after the bill was filed, heard the motion for a temporary injunction and denied it. Subsequently the case came before another judge on a motion for decree on the pleadings. The latter, after argument by counsel, rendered an opinion in which he held that plaintiff was entitled to the relief prayed for. However, upon objections to the proposed decree, the circuit judge modified his opinion and entered a decree restricting the territory in which the covenant would be operative to Wayne county, Michigan, a large portion of which is occupied by the city of Detroit in which the office of the company was located and from which the business was conducted.

Defendant appeals and claims that inasmuch as

the circuit judge who first heard the case on a motion for temporary injunction dissolved it, therefore, the question became *res judicata*. Decision on a preliminary motion in no way affects a final decree. See *Palmer* v. *Kleiner,* 236 Mich 480; *Dunnebacke* v. *Detroit G.H. & M.R. Co.,* 248 Mich 450.

Defendant alleges that the covenant is illegal in that it tends to create a monopoly, is in restraint of trade, is unreasonable, and imposes a hardship on defendant. We have so repeatedly upheld, under somewhat similar circumstances, a covenant not to compete that it is unnecessary to more than cite CL 1948, § 445.766 (Stat Ann § 28.66), which states that a restraint is permitted when its object is to protect a vendee, et cetera, in the furtherance of his business. This has been applied to the purchase of stock in a corporation, accompanied by an agreement on the part of the vendor not to compete. *Buckhout* v. *Witwer,* 157 Mich 406 (23 LRA NS 506); *Wolverine Sign Works* v. *Powers,* 248 Mich 371; *Arctic Dairy Company* v. *Winans,* 267 Mich 80 (94 ALR 334); *Sewall* v. *Feller,* 288 Mich 107.

Defendant contends that it is not permissible for the trial court to restrict the territorial scope of the injunction as no territorial limits were specified in the covenant. In *Hubbard* v. *Miller,* 27 Mich 15, a leading case referred to by both parties, a somewhat similar restrictive covenant was upheld, Mr. Justice CHRISTIANCY writing the opinion. In the restrictive covenant in that case, the vendors agreed not to engage in a similar business but did not limit it either as to time or territory. The court stated that where a consideration recognized by law as being valuable is paid, the law very properly allows parties to judge for themselves of the sufficiency of value of such consideration for their contracts. The court granted injunctive relief but limited the scope of the injunction to the city of Grand Haven where

the vendor's business had theretofore been conducted and for some distance beyond the city limits. This was in 1873 before. metropolitan districts of large cities were known. In the instant case, while the business was being conducted in the city of Detroit, the metropolitan area had been built up far beyond the city and county limits, the limitation to the county of Wayne, as stated in the decree, seems reasonable on the record. The trial court so held after listening to the arguments of counsel. Similarly, a restriction to a smaller area might have appealed to the court though a business of the kind conducted by plaintiff is necessarily not confined to a neighborhood and probably seeks to draw trade from a very wide area. Similar provisions have been upheld where no particular area was set forth in the contract. See *Up River Ice Co.* v. *Denler,* 114 Mich 296 (68 Am St Rep 480) ; *Buck* v. *Coward,* 122 Mich 530; and *Colton* v. *Duvall,* 254 Mich 346. Defendants cite *Caswell* v. *Gibbs,* 33 Mich 331, as authority for their contention, but in that case the terms of the contract were too indefinite, the court denying an injunction without prejudice to the parties bringing further proceedings. The court has the authority to enter a decree according to the facts so as to make the area of restriction a reasonable one.

Defendant claims that a judgment on the pleadings was improper in the instant case although the allegations in regard to the contract itself, payments, et cetera, were admitted. In the objections to the proposed decree defendant claimed that the cause required the taking of testimony and that, therefore, a decree should not be entered on the pleadings and more specifically alleged that the court should have inquired as to whether the agreement was conscionable, whether or not plaintiff would be materially benefited or defendant harmed by the entry of decree and numerous other prin-

ciples applicable in chancery cases, which principles were not set forth. The pleadings seem sufficient to fully justify the judge in coming to his conclusions. It is true that in the cases cited where the contract did not limit the restricted territory, testimony was taken.

In affirming the decree we do so subject to the right of either party to move for modification of the decree within 30 days after this decision is handed down and in that event testimony may be taken to show why the territory should be enlarged or restricted, and the decree may be so modified by the trial court if it so decides if such timely motion is made and testimony taken. In the meantime, however, the injunction on the decree heretofore rendered shall stand unless and until the decree is modified by the court.

Subject to the right to move for modification as provided above, the decree is affirmed, with costs to plaintiff.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.