### OWENS *v.* HATLER.

1. INJUNCTION—AGREEMENT NOT TO COMPETE—NONSIGNATORIES.

Former partner who sold out his interest in partnership engaged in the manufacture, marketing, and sale of therapeutic turbulator liquid massage machines for treatment of horses' legs was bound by agreement not to compete for period of 5 years which stated that the turbulator sales were nationwide and might extend further, and he and other nonsignatory parties were liable at suit of remaining partner if proofs show all acted and conspired to cause violation of the agreement, all being subject to restraint from so doing.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 40 Am Jur, Partnership § 272.
Sale of business and "good will," or of interest in partnership and "good will," as implying restriction against competition in absence of provision in that regard.  82 ALR 1030.

2. Same—Turbulator Business—Agreement Not to Compete—Parties.

Evidence presented at hearing on order to show cause why a preliminary injunction should not issue *held*, such as not to cause Supreme Court not to disturb trial court's finding that there was concert of action between all 4 defendants, 1 of whom had signed an agreement not to compete with plaintiff to whom the defendant had sold partnership interest in turbulator business and agreed not to compete for period of 5 years.

3. Same—Scope of Restraint.

The restraint enforceable against a person who violates an agreement not to compete may be as broad as the business covered by the agreement and of sufficient scope to prevent competition therewith, the limits of restraint being fixed by final injunction to be determined by proofs to be adduced (CL 1948, § 445.766).

Souris, J., dissenting.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted February 7, 1964. (Calendar No. 59, Docket No. 50,407.) Decided July 8, 1964.

Complaint by Walter F. Owens, doing business as Turbulator Company, against Joe Hatler, George Hatler, Charles M. Norlin, and Theodore F. Bell, Jr., doing business as Hazel Park Welding Works, for damages and to enjoin unfair competition. Order for preliminary injunction issued, from which, on leave granted, 3 defendants appeal. Affirmed.

*George Brett Shaeffer* and *J. Frederick Wilson,* for plaintiff.

*Ernest Levin* (*Lebenbom & Handler,* of counsel), for defendants George Hatler, Norlin and Bell.

Dethmers, J. Plaintiff seeks to enjoin defendants from competing with his business and asks damages resulting from their conspiracy to do so.

Plaintiff and defendant Joe Hatler were partners in the so-called Turbulator Company. Its business was the manufacture, marketing, and selling of therapeutic turbulator liquid massage machines for treatment of horses' legs. Defendant Joe Hatler sold out his interest in the partnership to plaintiff for $5,000. He signed an agreement in that connection which contained the following:

"1. Said Joe Hatler, retiring partner, will not sell or offer for sale, either directly or indirectly, any product used in the care or treatment of horses' legs as specified in their previous partnership agreement for a period of 5 years from date hereof.

"2. Said Joe Hatler will not engage in the sale, distribution or promotion of the products under their partnership agreement as aforesaid, either directly or indirectly in connection with turbulator methods of treatment of either animals or human beings for the same period of 5 years of the date hereof.  *  *  *

"4. That the said Joe Hatler further agrees that as retiring partner he will not in any way compete or attempt to compete, sell or offer for sale any product directly or indirectly connected with the products now being sold by said Turbulator Company; and that this agreement is made with the full realization that sales of Turbulator equipment are being made throughout all of the United States of America, and may extend further."

At the conclusion of proofs at a hearing on an order to show cause why a preliminary injunction should not issue, the court ordered "that pending the trial of this cause and until the further order of this court, a preliminary order of injunction shall be, and hereby is, issued restraining and enjoining the said defendants, their agents, and employees, from advertising, marketing, selling, or representing the therapeutic product 'Bub-L-Rub', or in any other

manner duplicating the design and literature of the plaintiff's product known as 'Turbulator.' "

Defendants appeal. First they contend that because Joe Hatler alone was a party to the agreement with plaintiff, it cannot be enforced as against the other defendants who were nonsignatories thereto. Joe Hatler was bound thereby. If the proofs show that the 3 other defendants acted and conspired with him to cause its violation, they are equally liable with him to plaintiff (*Wilkinson* v. *Powe,* 300 Mich 275; *Skimin* v. *Fuelgas Co.,* 339 Mich 523; *Bahr* v. *Miller Brothers Creamery,* 365 Mich 415) and may be restrained from so doing (*Weickgenant* v. *Eccles,* 173 Mich 695).

Defendants say that there is a lack of proof that defendant Joe Hatler has anything to do with the business of the other 3 defendants which is competing with plaintiff's or that he is in any way connected with or working in concert with them in that competition. We have examined the record and proofs. We cannot say that had we been in the position of the trial court we would have concluded otherwise than he did that such concert of action by and between the 4 defendants was shown.

Point is made of the breadth of the terms of the fourth paragraph of the agreement not to compete, in referring to sales of Turbulator equipment as having been made by the partnership, "throughout all of the United States of America, and may extend even further." Defendants say this extends the restriction against competition beyond permissible bounds. CL 1948, § 445.766 (Stat Ann 1962 Rev § 28.66), permits the making of agreements by sellers of businesses not to compete with the vendees. For cases in which they have been enforced, see: *Weickgenant* v. *Eccles, supra; Wolverine Sign Works* v. *Powers,* 248 Mich 371; *Bottomley* v. *Brown,* 188 Mich 134,

Defendants quote from *Colton* v. *Duvall,* 254 Mich 346, 349, the following:

"The rule is that contracts of this nature will be enforced in equity where the restraint is only partial and is limited to a particular place."

In *Colton,* and in the cases therein cited in this connection, the agreement was enforced. No case is cited for refusal to enforce an agreement because the area sought to be covered was too broad. The standard seems to be that the restraint may be as broad as the business covered by the agreement and of sufficient scope to prevent competition therewith. In the instant case the injunction or restraining order is preliminary, pending trial and until further order of the court. On trial proofs may be adduced and determination made by the court as to the area in which the conduct of defendants herein complained of would be in competition with the business sold by defendant Joe Hatler to plaintiff. If plaintiff prevails on trial, a decree then may enter with limits as to a final injunction to be fixed accordingly. See, in this regard, *Hubbard* v. *Miller,* 27 Mich 15 (15 Am Rep 153), and *Hopkins* v. *Crantz,* 334 Mich 300.

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J.

SOURIS, J. (*dissenting*). As noted by Mr. Justice DETHMERS, a preliminary injunction was issued, after testimonial hearing, against all of the defendants. Not all of the defendants, however, have appealed. Joe Hatler, the defendant who executed the covenant not to compete, has not appealed. The preliminary injunction against him remains in full force and alone is sufficient to protect plaintiff *pendente lite*

against breach of Hatler's covenant. If the remaining defendants aid or abet his breach of that covenant in violation of that injunction, knowledge of which they have, the chancellor can invoke his contempt powers as fully against them as he can against Hatler himself. *White* v. *Wadhams,* 211 Mich 658, and *Craig* v. *Kelley,* 311 Mich 167. See, also, CLS 1961, § 600.1701, subd (5) (Stat Ann 1962 Rev § 27A.-1701 subd [5]).

Plaintiff is entitled to no greater injunctive relief against the remaining defendants. They are not bound by contract or otherwise to abstain from competing against plaintiff so long as they do not do so with Joe Hatler's assistance, nor does plaintiff claim to the contrary. The only claim alleged properly against them, which finds some support in the proofs offered, is that all defendants participated in Hatler's violation of his covenant.

Accordingly, issuance of the preliminary injunction against the appellants, in language so broad it forbids them from engaging in a business in which they have a right to engage so long as they do not participate in Hatler's breach of his covenant, was erroneous. The injunction against appellants should, therefore, be vacated and costs awarded appellants.